R. A. MORRIS v. E. S. KASLING ET AL.

No. 3048.

79 141
88 13

1. **Reward Offered for Capture of a Burglar.**—It is elementary that one suing on a contract must recover upon the contract alleged or not at all. If he proves a contract essentially different from that alleged he must fail.

2. **Same.**—An action brought upon an alleged offer of a reward *for the capture* of the party guilty of a particular offense is not sustained by proving a contract offering such reward *for the capture and conviction* of such party. See facts.

3. **Pleading.**—The plaintiff declared upon an offer alleged to have been made by defendant of a reward for the capture of the person who was captured. The defendant answered a general denial, and further that he had offered the reward for the capture and conviction of three other persons. This latter by the statute, article 1197, is regarded as denied. This state of the pleadings does not contain the allegation that the offer was for the capture and conviction of the party convicted. See charge based upon this state of pleading improperly refused.

4. **Arrest Without Warrant.**—To make it the official duty of a peace officer to arrest under article 229, Code of Criminal Procedure, it is necessary that the guilty party should be made known, as well as the fact that a felony has been committed.

5. **Peace Officers.**—As to acts an officer is under no obligation to perform because of his official character he stands as do any nonofficial persons, and what they may lawfully do he may do, and contracts they may make and enforce he may make and enforce. (Applied to peace officer arresting a burglar for reward.)

6. **Capture Unlawful—Reward.**—If the act of making the arrest of the man who committed crime in entering appellant's store · * * * was illegal, then his captors could not take a reward offered for the capture of the criminal, whether they be regarded as officers or private persons.

7. **Arrest Without Warrant at Common Law.**—The rule at common law is

that if a felony has been committed by the person arrested without warrant or other express authorization of law, the arrest may be justified by any person making it, whether there was or was not time to procure a warrant.

**8. Arrest Without Warrant Under Statute.**—Article 343, Code of Criminal Procedure, declares that " all persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bring it, with the supposed offender, if he can be taken, before a magistrate for examination, or deliver the same to a peace officer for that purpose. To justify such seizure there must, however, be reasonable grounds to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay." This clearly confers the power and right to arrest in all cases in which stolen property is found in possession of the thief. The facts in this case justified the arrest.

**9. Reward Claimed by a Minor.**—One of the plaintiffs claiming the reward upon arresting the thief was at the time of the arrest a minor. He had reached majority before the suit was filed. No pleading questioned the right of this plaintiff to sue. His father was present at the trial and testified for his son. *Held:*

1. No error to refuse a charge asked by the defendant that the minor under such state of facts was not entitled to recover any part of the reward.

2. This was a suit upon contract, and the general rule is that after majority the minor can maintain an action upon his contract made during minority.

3. If this be considered an implied contract and for the father's benefit, still the father could waive his right or forfeit his right to enforce after a recovery by his son.

APPEAL from Marion. Tried below before Hon. Geo. T. Vaughn.

This is a second appeal. See 71 Texas, 588, where and in the opinion there is a statement.

*W. H. Baldwin, J. H. Culberson, W. T. Armistead* and *C. A. Culberson,* for appellant.— 1. The court erred in the latter part of paragraph 5 of the charge that the "plaintiffs by reason of the fact that they were peace officers would not be precluded from recovering in this action, unless they saw the offense committed by said Saunders or had knowledge of the offense and of the party charged therewith, or had in their possession a warrant authorizing said arrest." This portion of the charge was error, because it instructs the jury that an arrest without warrant would not be authorized in such cases where it was shown by satisfactory proof to the appellees, upon the representation of a credible person, that a felony had been committed and that the offender was about to escape, so that there was not time to procure a warrant. Wills. Crim. Stats., sec. 1726, art. 229. This entire paragraph was error, because the contract made with the peace officers to "capture" the criminals or to "capture and convict" them is without consideration, is contrary to public policy, and tends to corrupt and taint the administration of the law. This is true for the reason that whether the officer acts without warrant or with one he acts in his official capacity, and in either case the law makes provision for his compensation; and the "conclusion is if the arrest is made by the sheriff or his deputies he or they were but doing their duty and are not entitled to a reward." Wills. Crim. Stats., secs. 1498–1500 (arts. 44, 45), 1726

(art. 229), 2865 (art. 1054); Mitchell v. Vance, 5 T. B. Mon., 529; Hatch v. Mann, 15 Wend., 44; Ring v. Devlin, 32 N. W. Rep., 121; Gilmore v. Lewis, 12 Ohio St., 281; Stamper v. Temple, 6 Humph., 113; Railway v. Grafton, 11 S. W. Rep., 702.

2. W. K. Simmons being a minor when the arrest was made, his father, James N. Simmons, was entitled to his portion of the reward, and he alone could sue for it. Railway v. Morin, 66 Texas, 225; Wood's Mast. and Serv., secs. 12, 13; Hawes Part. to Act., sec. 88; Railway v. Redeker, 67 Texas, 190; Dufield v. Cross, 12 Ill., 397; 5 Wait's Act. and Def., 44, 45.

3. The court erred in refusing special charge asked by defendant as follows: "The plaintiffs allege in their petition that the defendant by proclamation offered a reward of $1000 for the capture of the party who burglarized the store house of defendant and blew open his safe, and they can not recover herein unless they have proved the offer of reward as alleged. If you believe from the evidence that the defendant offered a reward of $1000 for the capture and conviction of the party who burglarized the premises of defendant and blew open his safe, then the plaintiffs can not recover."

If the petition alleges an offer of $1000 for the "capture" of the parties, and the evidence shows an offer for the "capture and conviction" thereof, the contract proved is not the one sued on. There being a conflict in the evidence, the court should have given the instruction and allowed the jury to determine the issue. 1 Greenl. on Ev., secs. 66, 67, 68; Gammage v. Alexander, 14 Texas, 418; Parker v. Beavers, 19 Texas, 406; Railway v. Scott, 75 Texas, 84; Railway v. Scott, 72 Texas, 70; 1 Thomp. Trials, sec. 1028.

4. If the appellees were not authorized to arrest Saunders without warrant, and they did so arrest him, then their act was in violation of law, and any contract made to violate the law is void. Greenh. Pub. Pol., 529, *et seq.;* Bish. on Con., sec. 470, *et seq.*

*H. A. O'Neal* and *Geo. W. Todd,* for appellees.—1. While "a peace officer is not entitled to reward beyond his legal fees for the performance of an act which it is his official duty to perform, yet the employment and payment for extra official work, though incident to his official duty, is not against public policy." Kasling v. Morris, 71 Texas, 584; Cotton Press Co. v. Fire Co., 54 Texas, 319; Hayden v. Sanger, 56 Ind., 42; Davis v. Munson, 5 Am. Rep., 315; 1 Add. on Con., pp. 18, 21, 22, and note to sec. 9; Wood's Mast. and Serv., sec. 175; Shuey v. United States, 2 Otto, 73.

2. Appellee W. K. Simmons had full capacity to contract, and the ownership of the contract was a personal privilege between him and his father. He was of age when he sued. Railway v. Crowder, 61 Texas, 264; Railway v. Carlton, 60 Texas, 400.

3. Disability on account of minority or infancy must be specially pleaded. Sayles' Civ. Stats., art. 1262; Moke v. Fellman, 17 Texas, 367.

4. Under the allegations of plaintiffs, proof of conviction in the court, while not essential provided the guilt of the party captured be fully shown otherwise, is certainly relevant and material on that question. The appellant in his plea has specially claimed and alleged that the contract included "a conviction," and he is therefore estopped from objecting to such proof; and any defect in plaintiffs' allegation is cured by the allegations of appellant's special plea, and proof is competent which corresponds with the allegations of all the parties. Grimes v. Hagood, 19 Texas, 249; Neill v. Tarin, 9 Texas, 256; Hill v. George, 5 Texas, 88, 90; Sayles' Plead. and Pr., sec. 12, p. 62; 1 Chit. Plead., 245; Gould Plead., ch. 3, sec. 192.

STAYTON, Chief Justice.—This case was before this court at a former term and is reported in 71 Texas, 584, and from the statement of the case there found its general nature will be seen.

The amended petition alleges that "on the 11th day of March, 1886, defendant, R. A. Morris, did make a public oral proclamation offering a reward of $1000 for the capture of the party that had on said 10th day of March, 1886, entered his store house and blowed open and burglarized his iron safe,   *   *   *   and did specially offer to these plaintiffs a reward of $1000 for the capture of the party that had on the 10th day of March, 1886, entered his store house and blowed open his safe as heretofore set forth."

Plaintiffs further allege that, relying on the offer of reward, they did capture the guilty party, turned him over to the proper authorities; and that he was subsequently indicted, tried, and convicted of the offense committed in entering the defendant's house, breaking open his safe, and taking therefrom valuable property.

Among other defenses the defendant pleaded a general denial, and then specially answered denying that he had offered a reward for the capture of the person apprehended by plaintiffs, and alleging that he was induced by plaintiffs to believe that the burglary had been committed by three persons resident of the town, and so believing, and desiring to bring to punishment those persons, "under the prevailing excitement (he) offered plaintiffs $1000 for the *arrest and conviction* of said three thieves, citizens of Linden as aforesaid."

The testimony tending to show what offer Morris did make is conflicting. Some witnesses stated that he offered the reward for the *capture* of the guilty party, others that the reward was offered for the *capture and conviction* of the party or parties who committed the crime, while others stated that it was offered for the arrest of the thieves and evidence enough to convict them.

Kasling's own testimony was that "Morris said he would give $1000 for the capture and conviction of the party or parties who robbed him."

So standing the pleadings and evidence, defendant asked this charge:

"The plaintiffs allege in their petition that the defendant by proclamation offered a reward of $1000 for the capture of the party who burglarized the store house of defendant and blew open his safe, and they can not recover herein unless they have proved the offer of reward as alleged. If you believe from the evidence that the defendant offered a reward of $1000 for the capture and conviction of the party who burglarized the premises of defendant and blew open his safe, then the plaintiffs can not recover;" which the court refused to give.

From statement made it is seen that the plaintiffs sue upon a contract consummated by the offer of a reward and its acceptance, evidenced by the doing of the act for which the reward was offered. It is elementary that one suing on a contract must recover upon the contract alleged or not at all.

If he proves a contract essentially different from that alleged he must fail. Gammage v. Alexander, 14 Texas, 418; Parker v. Beavers, 19 Texas, 411; Railway v. Scott, 75 Texas, 84.

That the evidence tends to show two or more essentially different contracts is clear; and this seems to be conceded by appellees, who seek to avoid the difficulty by the proposition that "appellant in his plea has specially claimed and alleged that the contract included 'a conviction,' and he is therefore estopped from objecting to such proof, and any defect in plaintiffs' allegation is cured by the allegations of appellant's special plea; and proof is competent which corresponds with the allegations of all the parties."

There is no doubt that if one of the parties expressly avers or confesses a material fact omitted in the pleading of the other, that the omission may be thus cured, but this does not reach the question before us.

The petition alleges that the reward was offered for the *capture* of the guilty party. The answer denies this, and thus an issue is directly made as to the existence of the contract on which plaintiffs seek to recover.

The answer alleges that the reward was offered "for the *arrest and conviction* of said three thieves, citizens of Linden."

This, except in so far as it contained a denial of the existence of the contract sued on, was no answer at all to the petition, for it was not a pleading setting up matter in avoidance of the contract made the basis of the action, and an exception to so much of the answer should have been sustained had it been presented.

If the answer had set up special matter in defense of the action, it stands denied unless expressly admitted; for the statute provides that "it shall not be necessary for the plaintiff to deny any special matter of defense

pleaded by the defendant, but the same shall be regarded as denied unless expressly admitted." Rev. Stats., art. 1197.

The pleadings then stand thus: The plaintiffs allege a promise to pay them $1000 for the *capture* of the person who was captured. This the defendant denies.

The defendant then alleges the promise of a reward for the *capture and conviction of three other persons,* and the plaintiffs deny the truth of this plea.

Thus it is seen that there is no averment in the pleadings of either party that the reward was offered for the *capture and conviction* of the man who was captured and convicted.

It is not the case in which the omission of one party to state a fact necessary to his cause of action or defense is cured by the statement of that fact by the other, and the charge requested should have been given.

Kasling was a constable, acting in the county in which the capture was made, and his coplaintiff, a deputy sheriff, was acting with him and at his request when the capture was made.

The arrest was not made under a warrant, upon the verbal order of a magistrate, for an offense committed in the presence of either of the plaintiffs, nor was it made upon "the representation of a creditable person that a felony has been committed and that the offender is about to escape, so that there is no time to procure a warrant."

If the arrest was not made by reason of the existence of some one of these facts, it was not the official duty of either of the plaintiffs to make it. Code Crim. Proc., arts. 226–231.

The court gave a charge containing this proposition substantially, and instructed the jury that plaintiffs would not be precluded from recovering unless it was their official duty to make the arrest.

At request of appellant the court gave the following charge: "If you believe from the evidence that it was shown by satisfactory proof to the plaintiff E. S. Kasling, before making the capture, that a felony had been committed by burglarizing the store house of defendant and robbing his safe, upon the representation of any credible person, and that the offender was *known and* about to escape, and there was no time to procure a warrant, then they were authorized and it was their duty to arrest the offender without warrant; and if these things have been shown by the evidence the plaintiffs cannot recover, though you may believe from the evidence that the defendant offered the reward as charged in the petition, and you will find for the defendant;" the words "known and" being added by the court.

It seems to be contended that the court erred in the charge given without request and in giving that requested with the two words inserted.

It was held on the former appeal that the plaintiffs were not precluded from recovering because they were peace officers, unless it was their offi-

cial duty to make the arrest, and it now seems to be contended that it was their official duty to make the arrest if it had been made known to them by a credible person that a felony had been committed, without it being in the same manner made known to them, or one of them, who the guilty party was.  We think this construction of the statute erroneous, and that to make it the official duty of a peace officer to arrest under article 229, Code of Criminal Procedure, it is necessary that the guilty party should be made known as well as the fact that a felony has been committed.

It seems further to be contended that no peace officer whose duty it is under any circumstances to arrest persons who have committed crime can become entitled to a reward offered for the capture of a person guilty of crime.

As to acts an officer is under no obligation to perform because of his official character, he stands as do any unofficial persons, and what they may lawfully do he may do, and contracts they may make and enforce he may make and enforce.  Morrell v. Quarles, 35 Ala., 544; Gilmore v. Lewis, 12 Ohio, 285.

The grounds on which officers whose official duty it is to do given acts are not permitted to demand or receive other compensation than the law provides therefor have been too often stated to require repetition.

The rule, based as it is on public policy, is wholesome and should be applied in all cases to which it is applicable, but it should not be extended to cases to which the reasons on which it is founded do not extend.

If the act of making the arrest of the man who committed crime in entering appellant's store, breaking open his safe, and taking therefrom valuable property was illegal, then appellees can not recover, whether they be regarded as officers or private persons.

Under the law of this State it was not the official duty of either of the plaintiffs to arrest the guilty man.  But might they as private citizens do this without violating any express law or rule based on public policy?

The law throws many safeguards around individual right to liberty, and denies the use of its process whereby this may be taken away even temporarily, except under restrictions intended to preserve personal freedom; but does it deny to any private citizen the legal power to arrest a man guilty of a felony, fleeing from the country, and bearing on his person the property of another which he has acquired by theft?

We understand the rule of the common law to be that if a felony has been committed by the person arrested without warrant or other express authorization of law, the arrest may be justified by any person making it, whether there was or was not time to procure a warrant.  Bank v. Bangs, 2 Edw. Ch., 103; Holly v. Nix, 3 Wend., 353; Cool. on Torts, 175.

The statute of this State declares that *" all persons* have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bring it, *with the supposed offender,* if he can be

taken, before a magistrate for examination, or deliver the same to a peace officer for that purpose. To justify such seizure there must, however, be reasonable grounds to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay." Code Crim. Proc., art. 343.

If the right to arrest persons who have committed felonies other than those through which the acquisition of property is made by "means forbidden and made penal by the laws of the State" does not rest in all persons under the laws of this State as at common law, the statute alone quite clearly confers the power and right in all cases in which stolen property is found in possession of the thief.

In the case before us the evidence shows clearly that the person arrested was guilty of theft from the house of appellant and from the houses of other persons on the night before his arrest; he had the stolen property upon his person; was a wandering man, without fixed habitation in the country, and making his way out of it when he was arrested by appellees.

One of the plaintiffs was less than twenty-one years of age at the time the arrest was made, and his father then and up to the time of trial was alive. He arrived at majority, however, before this action was brought, and appellant asked a charge to the effect that he was not entitled to recover any part of the reward if a case was made in which a recovery could be had by any one.

The claim is that the father of that plaintiff was entitled to his services, and therefore entitled to his share of the reward, if any could be recovered.

No pleading was filed calling in question that plaintiff's right to maintain with his coplaintiff this action, and it is unnecessary now to decide whether in the absence of such a plea, filed in due order of pleading, such a question can be raised.

This action is to recover under a contract and not to recover the value of services rendered, and the general rule is that a person after arriving at majority may maintain an action on a contract made with him during his minority.

This rule has been applied to implied as well as express contracts; but if there be a difference as to the right of the minor in this respect between these classes of contracts, and if the contract between the minor and appellant be considered an implied contract which would enure to the benefit of his father, this is a matter which the latter may waive, or by his conduct forfeit his right to enforce after a recovery by his son.

The father was present on the trial, testifying in the case and thus aiding the son to obtain a judgment, and it may well be doubted if he could be heard to assert a cause of action in himself if payment was made to his son.

The son may have been emancipated by the father at the time he rendered the service on which he bases his claim, and the inference from the

evidence is strong that this was so; but as no issue was made as to this matter before the evidence was introduced, it can not be told what may be true on this question.

As the case stands the plaintiff, who was a minor when the reward was earned, shows himself entitled to maintain this action.

There were many other questions raised as to the admission of evidence and as to some other matters, but they may not arise upon another trial, and it is not now necessary to consider them. Those considered are deemed to be the important questions in the case; and for the error of the court in refusing to give the instruction asked and noticed, its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 16, 1890.