WESTERN UNION TELEGRAPH COMPANY v. W. H. SMITH.

No. 263.

1. **Jurisdiction of Supreme Court—Amount.**
   The petition for writ of error must show that the amount in controversy is beyond the jurisdiction of the County Court.......... ...................  10

2. **Same—Case in Judgment—Practice.**
   Application for writ of error in case where the judgment of the District Court, which had been affirmed by Court of Civil Appeals, was for $862.50. Nothing in application or accompanying records showed the amount claimed. *Held*, that jurisdiction was not shown. (By amendment, the defect was supplied.)  10

3. **Practice—Pleading.**
   Smith v. Telegraph Company, 84 Texas, 359, limited. The case was contested upon the testimony, and it was held that the facts showed liability of the telegraph company. No question of pleading was raised..........  12

4. **Charge—Mental Anguish—Negligent Delay.**
   It was sufficient to charge the jury on the subject of damage for mental anguish suffered from not reaching his father before his death, that the plaintiff, upon proving negligent delay, etc., was entitled to recover for such anguish as was occasioned by his being deprived of the privilege of attending his father before his decease. It sufficiently limits the recovery to damages caused by the delay........................... .................  13

5. **Burden of Proof—Excusing Delay.**
   It being proven that the dispatch was received, or that it reached the office of destination in time, by the use of ordinary care, for its delivery in time for the addressee to have reached his father, and that it was not so delivered, it was not error to charge, that if there were any facts or circumstances excusing the delay, it devolved upon the company to show them............  13

6. **Cause of Action.**
   It devolved upon the plaintiff to prove the contract, and the negligence of defendant in failing to keep it; and also to prove, that if the message had been delivered with reasonable dispatch he could have reached his father. The intervening distance and means of travel and consequent time required for the journey are not of such general interest as to be determined without evidence.........................................................:........  13

7. **Allegata et Probata.**
   A cause of action proved but not alleged will not support a verdict. An express contract alleged as ground of action must be proved. See example of variance, requiring reversal ........................................  14

Error to Court of Civil Appeals for Fifth District, in an appeal from Dallas.

The opinion gives a full statement.

*Field, Brown & Camp,* for plaintiff in error.

*W. A. Kemp* and *H. G. Robertson,* for defendant in error.—The variance between the allegations in the petition and the proof was as to immaterial facts, and was not such as to cause surprise or prevent recovery.

Plaintiff charges the delivery of the message at Waxahachie, and the negligence of the defendant in failing to deliver the same, and the consequent damages. The evidence showed, that a company known as the Central Texas & Northwestern Railway Company's Telegraph received the message at Waxahachie, transmitted it to defendant's office at Ennis promptly, and that it was by the defendant promptly sent to the Dallas office, and there the delivery was delayed for three days. There was an arrangement between the Western Union Telegraph Company and the initial company at Waxahachie, whereby for a division of the toll the telegram was to be delivered, and it was delivered under this arrangement and the price of the telegram divided. The failure to name first company is the point of variance complained of. McClelland v. Smith, 3 Texas, 210; 58 Texas, 3; 64 Texas, 6; 56 Texas, 497; 77 Texas, 655; 82 Texas, 436.

GAINES, Chief Justice.—The application for the writ of error in this case, and the transcript accompanying it, both show that the defendant in the application recovered a judgment against the applicant for the sum of $862.50. The jurisdiction of this court in such a case must be determined by the amount sued for, and this nowhere appears either in the application or in the transcript. The statute provides, that it must appear from the application that the Supreme Court has jurisdiction of the case. Laws 1892, p. 20, art. 1011b. The County Court under the Constitution might have had jurisdiction of the sum actually recovered in the judgment. Of such a case this court has no jurisdiction.

If more than $1000 was in fact sued for, the applicant may amend and allege such fact; and to enable him to do so, action upon this application will be suspended for ten days.

Nothing to the contrary appearing in the conclusions of law and fact of the Court of Civil Appeals or in other parts of the transcript, a mere averment of the fact by the applicant in his statement of the case would have been deemed sufficient. We do not mean to say that the allegation of the conclusion that the court has jurisdiction would have been enough, but that in a case like this it is sufficient to aver in the application the amount claimed in the petition. If that amount had appeared from any part of the transcript to be more than $1000,

it would have been unnecessary to state the fact in the application. As a general rule, we have never required anything to be alleged in the application that was shown by the accompanying transcript, which is taken as a part of it.

Delivered December 20, 1894.

Leave was given to amend the application within ten days. By amendment, it was shown that the amount of damages sued for was $5000.

BROWN, ASSOCIATE JUSTICE.—W. H. Smith sued the Western Union Telegraph Company for damages for negligent failure to transmit and deliver the following message:

"WAXAHACHIE, TEXAS, March 2, 1888.
*"To W. H. Smith, 430 South Harwood St., Dallas, Texas:*
"Father dangerously ill.   Come at once.
"WESLEY SMITH."

The petition alleged, in substance, that at the date of the telegram the defendant owned and operated a telegraph line from the city of Waxahachie, in Ellis County, to the city of Dallas, in Dallas County, Texas, and for hire received, transmitted, and delivered messages for the public between the said points.   That on the day stated, plaintiff's brother delivered to defendant's agent at the city of Waxahachie the message above set out, to be promptly transmitted and delivered to plaintiff at Dallas, Texas.   Then follow some allegations not material to the question to be determined.   The petition contains the allegations, substantially, that although defendant was paid the customary charges for its services, and had undertaken to promptly transmit and deliver the message, it failed to deliver the same until March 5, three days after it was sent.   It also alleges, that if the telegram had been promptly delivered plaintiff could have seen his father alive, but on account of the negligence of the defendant in not transmitting and delivering the message with reasonable care and promptness, plaintiff did not learn of the illness of his father until it was too late to reach him before his death, alleging the damages caused by the negligence charged.

The facts as found by the Court of Civil Appeals show, that on the 2nd day of March, 1888, Wesley Smith, brother of plaintiff, delivered the message to the Central Texas and Northwestern Telegraph Company at Waxahachie, which company transmitted the message to Ennis to the manager of the defendant, who received it and sent it the same day to Dallas, where it was received on the day that it was transmitted from Ennis.   It was not delivered to plaintiff until 8 o'clock a. m., March 5, 1888, although he lived in Dallas on the street and at the place indicated by the number on the message.

There was an arrangement between defendant company and the Central Texas and Northwestern Telegraph Company by which they handled each other's messages on division of the tolls, dividing and accounting at the end of each month.

Plaintiff's father lived in Ellis County, nine miles from Waxahachie, and died on the 4th of March, 1888, at 11:15 p. m. The message could have been delivered by the exercise of reasonable diligence on the evening of the 2nd, more than two days before the father died. The plaintiff left on the first freight train after he received the message, but arrived after his father's death; in fact, the message was delivered after the death had occurred.

There was no proof of the distance between Dallas and Waxahachie, nor the means of communication, nor yet of the time it would require to travel from one place to the other.

The case was tried by a jury and judgment given for the plaintiff, which was affirmed by a majority of the Court of Civil Appeals, Lightfoot, Chief Justice, dissenting.

The petition for writ of error sets up the following grounds of error for our examination:

1. That the evidence does not support the allegations of the petition, and that for that reason the judgment can not be sustained.

2. That there was no evidence as to the distance between the place where plaintiff lived and the place where his father died, nor of facts showing that plaintiff could have arrived before the death of his father, if the message had been delivered in proper time.

3. That the court erred in instructing the jury, in substance, that if the evidence showed that the message was received at the defendant's office in Dallas at a time when, if delivered promptly, plaintiff could have reached his father in his life-time, it devolved upon defendant to show any facts that would excuse the failure to deliver it in proper time.

4. The court erred in not instructing the jury at defendant's request, in substance, that the plaintiff could not recover for mental anguish occasioned by the death of his father that would have been caused by such death, whether the message was delivered or not, but for such only as was occasioned by his failure to be present before his father died.

The majority of the Court of Civil Appeals held, that the main question now presented in this case was determined by this court on former appeal, reported in 84 Texas, 359, and counsel for defendant in error insists that the same question was there decided, and that it should not be overruled.

Examination of the case as reported will show, that neither in the briefs of counsel nor in the opinion of the court is the question of the pleading mentioned. The case is presented on both sides upon the evidence. The decision of the court is upon the question of the de-

fendant's liability under the evidence introduced. We have examined the original record, and find that the report is correct.

It is not necessary for this court now to determine how far it would abide a decision previously made in the same case when it is clearly erroneous.

We will consider the objections presented in reverse order. The charge requested embodied the law as to the right of plaintiff to recover for the mental anguish incident to and growing naturally out of the death of his father. It should be given in such cases, when requested; but under the charge given by the court, the Court of Civil Appeals properly held, that it was not reversible error to refuse it, because the trial court had in its charge definitely stated that plaintiff was entitled to recover for such anguish as was occasioned by his being deprived of the privilege of attending his father before his decease.

The charge as to the burden of proof on the question of excusing the failure to deliver the message was not error. If the evidence showed that the message was delivered to defendant or received at its office in time to have been delivered by reasonable diligence in such a length of time that plaintiff could have reached his father before his death, and that it was not so delivered, this was sufficient prima facie to establish negligence on the part of defendant, and if there were any facts or circumstances which would excuse the defendant for the failure to so deliver, it was proper that it should show them.

It devolved upon the plaintiff to prove the contract and the negligence of defendant in failing to keep it, and also to prove, that if the message had been sent and delivered with reasonable dispatch he could have reached his father before his death. The distance between Dallas and Waxahachie, the means of travel, and the time it would require to make the trip, were not matters of such *common knowledge* that the jury could determine the issue without evidence. No matter how familiar a juror might have been with the country and distances, as well as the trains, he could not decide the question upon his knowledge, but must be governed by the evidence introduced on the trial. This class of facts does not fall under the same rule as the matter of mental anguish arising from a disappointment at being prevented from attending at the bedside of the father.

Facts not alleged, though admitted in evidence without objection, will not support a judgment. Mann v. Falcon, 25 Texas, 276; Cooper v. Loughlin, 75 Texas, 527; Hill & Jones v. Jackson, 3 Texas, 309. The plaintiff who sues upon a contract must recover upon the contract alleged in his petition, and if his proof shows a contract essentially different from that alleged, he must fail in the action. Morris v. Kasling, 79 Texas, 145; Gammage v. Alexander, 14 Texas, 418; Brown v. Martin, 19 Texas, 344; Brinkley v. Harkins, 48 Texas, 225; Krohn v. Heyn, 77 Texas, 319.

. In Gammage v. Alexander, cited above, the court said: "This action purports to be founded on a contract, and it is a rule of pleading as old as the science itself, that a contract, when sued upon, must be correctly stated, and if the evidence differ from the statement the variance is fatal to the action; in other words, the facts constituting the cause of action must be set forth fully and distinctly, and if not proved as laid, the foundation of the action fails, and the plaintiff can not recover."

In the case of Morris v. Kasling, cited above, the court said: "It is elementary, that one suing on a contract must recover on the contract alleged, or not at all. If he proves a contract essentially different from that alleged, he must fail."

The plaintiff in this case alleged a contract made with the defendant, by which it is alleged that defendant undertook to transmit the message from Waxahachie to Dallas, and to deliver it to the plaintiff. The proof showed that the contract was made with the Central Texas and Northwestern Telegraph Company, and that by an agreement made between the two telegraph companies the defendant received the message from the Central Texas and Northwestern Telegraph Company and undertook to deliver it at Dallas. The liability of defendant was not upon the original contract, but upon an implied promise arising out of the facts of the case. The pleadings did not notify defendant of the real ground of the action. Suit was upon an express contract made with the defendant. The evidence showed a different ground of liability to the plaintiff, and the evidence varied from the allegations in an essential particular.

The facts proved were held by this court upon former appeal to constitute a good cause of action, but the pleadings not having presented that issue, their being admitted in evidence did not authorize the judgment of the court.

The District Court erred in submitting to the jury the issue supported by the evidence but not made by the pleading, and the Court of Civil Appeals erred in not reversing the judgment of the District Court, for which errors both judgments are reversed and the cause is remanded to the District Court.

*Reversed and remanded.*

Delivered March 25, 1895.