### J. I. CASE PLOW WORKS v. MRS. HANNAH C. MORRIS.

Delivered October 21, 1897.

**Variance—Sale Alleged and Consignment Proved.**

An action for the value of goods sold to defendant at her special instance and request is not sustained by evidence that the goods were delivered to defendant under a consignment, with an agreement by her to sell the goods and account to plaintiff for the proceeds, with the further stipulation that for such of the goods as remain unsold at a specified time defendant would settle by giving her secured notes.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*O. T. Holt* and *Joe H. Eagle,* for appellant.

*Jones & Garnett,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The nature and result of this suit is thus given by appellant in the brief of its counsel:

Appellant filed this suit in the District Court of Harris County, Texas, on July 22, 1896, and alleged that it is a corporation created under and by virtue of the laws of the State of Wisconsin, and theretofore, on Sep-

tember 19, 1895, and at the day of the institution of this suit, it was doing business in Racine County, Wisconsin; that on September 19, 1895, and on divers days thereafter, appellant, at the special instance and request of appellee, Hannah C. Morris, doing business under the name of the J. R. Morris Hardware Co., sold and delivered to her certain goods and wares specified in the account marked "A," in consideration whereof appellee then and there promised to pay appellant the several sums of money charged in said account specified, amounting to $1189.68, whereby the appellee became liable, and promised to pay appellant the amount in said account specified; that said amount was due on the first day of June, 1896; yet, that though demand has often been made, appellee refused, and still refuses, to pay the same, or any part thereof, to appellant's damage in the sum of $2000.

Appellant alleges that appellee has disposed in part of her property with intent to defraud her creditors, and thereupon prays for a writ of attachment against the property of appellee sufficient to satisfy its debt and costs, and for foreclosure of lien, and for general relief.

On the sixth day of October, 1896, appellee filed her answer and plea in reconvention, in which she denied all and singular the allegations in said petition, and averred that said account sued on, marked said exhibit "A," is not just or correct in whole or in part, and that each and every item and statement in said account is incorrect and unjust, and not due and owing by appellee; and thereupon charged that the said attachment, which was issued in this cause and levied on her property, was illegally, unjustly, wrongfully, and oppressively sued out by appellant, and without probable cause, reason, justification, or excuse, by reason whereof appellee has been damaged in the sum of $3000, which said sum she pleads in reconvention against appellant, and prayed judgment for the said sum as damages. Appellee did not insist on her plea in reconvention, but abandoned it entirely.

On November 23, 1896, this cause was called for trial, a jury waived, the matters of fact, as well as of law, were submitted to the court, and upon full hearing the court rendered judgment that appellee, Hannah C. Morris, go hence without day, and recover of appellant all costs, etc., from which judgment appellant, having excepted, appeals to this court.

Upon the trial, the plaintiff proved by its traveling salesman, George P. Phillips, of Dallas, Texas, that he performed the clerical work appertaining to the transaction between the parties to this suit, wrote the contract and did all the correspondence relating to the matter; that appellee received the goods as stipulated in the memorandum of debit, and had made partial payments of the account, and that there was still due the plaintiff $1189.68; that the items set forth in the account sued on were just, due, and correct, and that all just and lawful offsets, claims, and credits had been allowed; that demand for payment of said balance had been often made, but the same remained unpaid; and that the goods itemized in the exhibit were reasonably worth the amount charged. By the same witness the plaintiff further proved that appellee had the goods

specified in said account insured in her favor, and that appellee proved the claim of loss amounting to $1281.80; that there was salvage amounting to $77.86, leaving a net loss of $1123.94, and that in settlement of this claim and other supposed losses, the insurance company gave appellee a check for $1500.

Appellee introduced in evidence two affidavits for attachments made by appellant, and the writs of attachment issued upon these affidavits, together with the return of the officer to whom they were directed, showing that they were levied upon property of appellee in Harris County, one levy being made on July 22, 1896, and the other on October 20, 1896. The appellee then introduced in evidence the following contract:

"The J. R. Morris Hardware Co. accepts this shipment of plows and implements from the J. I. Case Plow Works, as a consignment, on the following conditions: That they, the J. R. Morris Hardware Co., are to make remittance on the first of each month for all goods sold for cash during the preceding month. For all goods sold on time to be settled for by notes of the purchaser, and said notes to be indorsed by the J. R. Morris Hardware Co., and sent to the J. I. Case Plow Works on the first of each month for all sales made on time during the preceding month. For all goods on hand of this shipment on June 1, 1896, the J. R. Morris Hardware Co. are to settle for with approved notes, payable with 8 per cent interest, and due not later than November 1, 1896. The J. R. Morris Hardware Co. are to store and insure these goods free of cost to the J. I. Case Plow Works.

(Signed)                     "J. I. Case Plow Works,
                             "By S. H. Shannon, G. Agt."

By the witness, George P. Phillips, appellee proved that the goods, wares, and merchandise, for the price of which this suit was brought, were delivered by appellant to appellee under the aforesaid contract, and that there was never any other contract or agreement between appellee and appellant in reference to the subject matter of this suit.

The court upon request of appellant filed his conclusion of fact and of law, which conclusions are as follows:

"It was shown by the evidence that the defendant received from the plaintiff the goods mentioned and described in plaintiff's petition, and that they were received by her under the written contract which appears in the statement of fact.

"From the foregoing conclusions of fact the court concludes, as matter of law applicable thereto, that the case proven is variant from that alleged, that defendant is not liable, as for goods, etc., delivered to her at her special instance and request, upon promise to pay therefor, and that without allegations and proof of liability under such contract, plaintiff can not recover thereon."

Our opinion is that there is no error in the judgment, and it must be affirmed. We are aware of no law which excepts this case from the doc-

trine of variance. Nor do we concur in the contention of appellant, that if there be a variance between the case stated in the petition and the one proved, it is an immaterial variance. That a party must recover, if at all, upon the case declared on, is elementary.

The plaintiff in this suit sues to recover for goods sold and delivered on a day named, when the proof is that the goods were delivered on that day to appellee by appellant under a special contract, which does not show a sale of the goods, but a consignment, with an agreement on part of appellee to sell the goods and to account to appellant for the proceeds in the manner stipulated in the contract, with the further stipulation that for such of the goods as remained on hand unsold on the first of June, 1896, appellee would settle by executing her notes with approved security, said notes not to become due later than the first of November, 1896. When the goods were burned the evidence does not show. There may have been no goods on hand on the first of June, 1896; they may have been destroyed by fire before that time. The appellant may have a just cause of action against appellee, but certainly not a cause of action "for goods sold and delivered to appellee at her special instance and request, on September 19, 1895, and on divers days thereafter."

The judgment is affirmed.

*Affirmed.*