## D. H. ADAMS & CO. v. TEXAS PACIFIC COAL & OIL CO. (No. 6.)

(Court of Civil Appeals of Texas. Eastland. June 19, 1925. Rehearing Denied Oct 23, 1925.)

1. **Principal and agent ⬉120(6)—Testimony as to sales by alleged agent subsequent to transaction in controversy held inadmissible.**

Testimony of witness as to sales made by defendant's alleged agent, long subsequent to transaction in controversy, held inadmissible.

2. **Appeal and error ⬉1062(1)—Any error in submitting special issues cured by answer thereto favorable to complaining party.**

Where jury answered special issues favorably to plaintiff, error, if any, therein was cured or eliminated by answers.

3. **Trial ⬉350(4)—Submitting special issue as to whether alleged agent agreed to sell and plaintiffs agreed to buy casing held without error.**

Where suit was based entirely on alleged specific oral contract, fully set out in petition, there was no error in submitting special issue as to whether defendant's alleged agent agreed to sell, and plaintiffs agreed to buy, casing at named prices.

4. **Contracts ⬉346(10)—One suing on contract must recover on contract alleged.**

One suing on a contract must recover on contract as alleged.

5. **Appeal and error ⬉1062(1)—Error in submitting issue, not raised by pleadings, held not to call for reversal.**

In buyer's suit for seller's breach of parol agreement to sell casing, in view of finding of jury that no sale had been made, error in submitting issue as to whether price per foot for casing as claimed by plaintiff to have been made by defendant's agent was unusually low price as compared with value as claimed by plaintiffs held not to call for reversal.

6. **Trial ⬉352(4)—Refusal of special issues at variance with pleading held without error.**

Refusal of special issues, based on evidence at variance with pleadings, held not erroneous.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by D. H. Adams & Co. against the Texas Pacific Coal & Oil Co. Judgment for defendant, and plaintiff appeals. Affirmed.

Allen D. Dabney, of Eastland, and Crate Dalton, of Dallas, for appellant.

John Hancock, of Fort Worth, for appellee.

### Nature and Result of the Case.

LITTLER, J. D. H. Adams & Co., a copartnership composed of D. H. Adams, P. B. Goodwin, C. A. White, and W. P. Woods, brought this suit against the Texas Pacific Coal & Oil Company, a corporation, alleging as follows:

That on or about the 21st day of April A. D. 1923, plaintiff and defendant entered into a parol agreement whereby defendant agreed to sell plaintiff, and plaintiff agreed to buy, 24,000 feet of 6⅝-inch casing at 66 cents per foot and 22,000 feet of 8¼-inch casing at 77 cents per foot, and by terms of said agreement plaintiff would pay $5,000 cash on the day that the delivery of the casing began. That plaintiff agreed to move the casing as rapidly as possible from defendant's yard at Ranger, Tex., at which place delivery should be made by defendant, to fully take up the deposit of $5,000, plaintiff should deliver to defendant an additional $5,000 in like manner and under like condition, and similar deposit of $5,000 from time to time in like manner and under like condition until final payment of the purchase price of the said pipe, and plaintiff alleges that, at the time or immediately thereafter, plaintiff delivered to defendant the written guaranty from the First National Bank of Breckenridge, Tex., to pay plaintiff's check for the initial payment of the $5,000, which defendant agreed to accept as cash on the first payment therefor.

Appellee answered by general demurrer, special exceptions, general denial, and special denial of the alleged contract, denying that it ever at any time made any agreement with or sale to plaintiffs, and that, if it should be maintained that Frank Pearsall made or attempted to make and enter into said alleged agreement with appellant for appellee, appellee says that the said Pearsall was not its agent to make such an agreement, was not employed in such capacity, and was not in charge of, and had no control over, said transaction.

The case was presented to the jury upon the following special issues, to which the jury made the findings indicated:

"Special issue No. 1: Did Frank S. Pearsall, the warehouseman for the Texas Pacific Coal & Oil Company, prior to the date of the alleged deal herein sued on, make sales of oil well supplies which had been kept in said warehouse? Answer 'Yes' or 'No.' Answer: Yes.

"If you answer 'No' to the above and foregoing question No. 1, you need not answer the second question hereinafter propounded; if you answer 'Yes' to question No. 1, you will answer question No. 2.

"Special issue No. 2: Did the plaintiffs or either of them, know of such sales, if you have answered there were such sales, prior to the time of the alleged contract of sale herein pleaded by the plaintiffs? Answer 'Yes' or 'No.' Answer: Yes.

"Special issue No. 3: If you have answered question No. 1 in the negative, you need not answer this question, but, if you have answered question No. 1 in the affirmative, to the effect that the said warehouseman had made sales of oil well supplies, then state whether or not the officers of the Texas Pacific Coal & Oil Company at Thurber, Tex., ratified such sales? Answer 'Yes' or 'No.' Answer: Yes.

"Special issue No. 4: If in answer to the preceding question you have answered that sales of oil well supplies were made by Frank Pearsall prior to the date of the alleged purchase herein, and that the same were ratified by the officers of the company at Thurber, Tex., then answer whether or not the plaintiffs in this case knew of such ratification, if any. Answer 'Yes' or 'No.' Answer: Yes.

"Special issue No. 5: Did Frank S. Pearsall inform plaintiffs or either of them that any deal made on the pipe involved would have to be approved by Mr. King? Answer 'Yes' or 'No.' Answer: No.

"Special issue No. 6: Did Frank S. Pearsall agree to sell, and the plaintiffs agree to buy, 1,200 joints of 6⅝-inch casing at 66 cents per foot and 1,100 joints of 8¼-inch casing at 77 cents per foot, on or about April 21, A. D. 1923? Answer 'Yes' or 'No.' Answer: No.

"If you have answered the foregoing question in the negative, you need not further answer herein, but, if you have answered question No. 6, in the affirmative, then you will proceed to answer the following questions:

"Special issue No. 7: What was the market value per foot of the 6⅝-inch casing at Ranger, on April 23, 1924? Answer in dollars and cents. Answer: 70 to 95 cents.

"Special issue No. 8: What was the market value per foot of the 8¼-inch casing at Ranger, Tex., on April 23, 1924? Answer in dollars and cents. Answer: $.90 to $1.15 per foot.

"Special issue No. 9: Was the price of 66 cents per foot for the 6⅝-inch casing and 77 cents per foot for the 8¼-inch casing claimed by plaintiffs to have been made by Pearsall an unusually low price, as compared with the value as claimed by plaintiffs of $1 to $1.10 per foot for the 8¼-inch casing and 90 cents per foot for the 6⅝-inch casing. Answer 'Yes' or 'No.' Answer: Yes."

On the jury's findings, the court entered judgment for defendant, and decreed that plaintiffs take nothing by their suit against the defendant, Texas Pacific Coal & Oil Company.

### Opinion.

There are eight assignments of error, which will be discussed in their order.

[1] The first assignment of error is based on the action of the court in sustaining defendant's exception to the testimony of the

witness O'Neill, as to sales made by Pearsall long subsequent to the alleged transaction between the parties hereto, and we conclude there is no merit in said assignment No. 1, and also as to assignment No. 2.

[2], Assignments Nos. 3 and 4 are based upon the action of the court in submitting, over the objection of plaintiff, special issues Nos. 2 and 4; however, as the jury answered each of these questions favorably to the plaintiff, we conclude that, if there was error, which we do not specifically hold, it was cured or eliminated by the answers of the jury. '

[3] Assignment No. 5 is based upon the action of the court in giving, over objection of appellant, special issue No. 6.

[4] This suit being brought by appellant, and based entirely upon an alleged specific oral contract, fully set out in plaintiffs' petition, and there being nowhere a conditional contract or sale alleged, the court was justified in submitting the contract as alleged. It is elementary that one suing upon a contract must recover upon the contract as alleged, or no recovery can be had. Special issue No. 6 was based solely upon the alleged contract pleaded in plaintiffs' petition, and calls upon the jury to pass upon the questions as to whether or not said alleged contract was entered into between plaintiffs and defendant; hence we conclude that special issue No. 6 fairly placed the issue before the jury, and that the trial court did not commit error in so submitting said issue. Authorities: Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398; Kildow v. Irick (Tex. Civ. App.) 33 S. W. 315; J. I. Case Plow Works v. Morris, 17 Tex. Civ. App. 6, 42 S. W. 652; Letot v. Edens (Tex. Civ. App.) 49 S. W. 109; Loudon et al. v. Robertson (Tex. Civ. App.) 54 S. W. 783.

[5] Assignment No. 5 complains of the action of the court in submitting to the jury special issue No. 9, and, while it presents an issue not raised by the pleadings in the case, yet in view of the answer of the jury to special issue No. 6, wherein the jury found that no sale had been made, the error in submitting issue No. 9, if error at all, was not such as to call for a reversal.

[6] Assignments Nos. 7 and 8 complain of the action of the court in refusing to submit to the jury special issues requested by the plaintiff, which said requested issues sought to divide special issue No. 6 into three special issues, raising as many questions of law and fact, but, inasmuch as we held, in discussing assignment No. 5, that special issue No. 6, given by the court, properly presented the question as to whether or not a sale contract had been made between plaintiffs and defendant as alleged. We conclude that the learned trial court fairly presented all the issues raised by the pleadings and did not err in his refusal to give the special issues requested by plaintiff, because said special issues requested by plaintiff were based entirely upon evidence in the case at variance with the plaintiffs' pleading.

In the case of Western Union Telegraph Co. v. Smith, 88 Tex. 9, 30 S. W. 549, our Supreme Court, in an opinion rendered by Judge Brown, says:

"The district court erred in submitting to the jury the issue supported by the evidence, but not made by the pleading, and the Court of Civil Appeals erred in not reversing the judgment of the district court, for which errors both judgments are reversed, and the cause is remanded to the district court."

Appellant strenuously insists that the law laid down in the case of Radford v. Jamison (Tex. Civ. App.) 221 S. W. 998, is directly in point and should be followed in the case at bar. After a careful analysis of the above-cited case, we are of the opinion there were at least two separate and distinct issues involved, whereas in the instant case the main issue was as to whether or not the contract sued upon was made, and, in submitting special issue No. 6, the trial court literally followed the language of appellants' petition in formulating said issues; hence we conclude that he cannot now be heard to complain.

The record disclosing no reversible error, the case is affirmed.

### On Motion for Rehearing.

Appellants insist this court erred in holding special issue No. 6 was not erroneously submitted to the jury by the trial court; however, appellants recite no new authorities in their motion for rehearing, but strenuously insist that our original opinion in this cause is in conflict with the law laid down in case of Radford v. Jamison (Tex. Civ. App.) 221 S. W. 998.

We have again examined very carefully the reasoning of Judge Walthall in the Radford v. Jamison Case and regret that we are not able to agree with the contention of appellants that the law laid down by Judge Walthall should govern in this case.

In the Radford v. Jamison Case, both the pleadings and evidence authorized the court to submit the special issue complained of by appellants in that case, while in this case special issue No. 6 was based entirely on the pleadings, and, while it is true that the evidence adduced in the case would suggest a division of special issue No. 6, but, as stated in our original opinion, the charge of the court must be based upon the pleadings in the case, and especially is this true when the pleader attempts to plead a contract; therefore the motion for rehearing is in all things overruled.