### McALISTER v. BIVINGS et al.
### No. 711.

Court of Civil Appeals of Texas. Eastland.

June 13, 1930.

Rehearing Denied July 11, 1930.

854

Thomas & Coffee, of Big Spring, for appellant.

Wilburn Barcus, of Big Spring, for appellees.

FUNDERBURK, J.

This is a suit by Chas. K. Bivings and James Barcus against O. H. McAlister to recover the sum of $355.50. The amount sued for was alleged to represent reasonable and proper charges for medical and hospital services rendered by plaintiffs as physicians and owners of a hospital to one W. T. Carroll, who had suffered an accidental injury, and who was an employee of McAlister. The basis of the claim of defendant's liability was an alleged contract by which defendant employed plaintiffs "as physicians to take care of said W. T. Carroll and give him all the medical and hospital attention needed and necessary," upon the promise and agreement of said' defendant " * * * that he, defendant, would personally pay all of the expenses incidental thereto, including their services as physicians and hospital services." Plaintiffs' claim was also stated in the form of a verified account.' The defendant answered by exceptions, general denial, and sworn denial of the justness of the account. The judgment was for plaintiffs for the sum of $325.50. Defendant has appealed.

The court, at defendant's request, filed findings of fact and conclusions of law. Among other things not material to be mentioned, the court found that:

" * * * Other employees of defendant` brought the said W. T. Carroll to hospital of said plaintiffs for medical and surgical assistance to the said W. T. Carroll as was proper. The plaintiffs x-rayed the pelvis of the said W. T. Carroll and placed bandages around about him and placed him in bed, at about which time the defendant for the first time appeared at the hospital of the plaintiffs and told the plaintiffs to go ahead and do what was necessary for the said W. T. Carroll, that he, the defendant, carried no accident insurance on W. T. Carroll and neither did he have compensation insurance but that the Cosden Oil Company did carry compensation insurance and he thought that he could get said Carroll's doctor bill paid for by Cosden Oil Company under their compensation insurance, but in the event they did not pay it that he, the defendant, would pay the plaintiffs for taking care of and doctoring the said W. T. Carroll. * * * testimony of both plaintiffs showed that it was

a promise to answer for the debt of W. T. Carroll primarily, yet neither plaintiffs nor the defendant depended on Carroll to pay the debt and the testimony of the plaintiffs brought out by the defendant on cross-examination and surrebutal showed that, and the court finds that the plaintiffs depended on the payment of the doctor bills and hospital expenses of Carroll, first on Cosden Oil Company and the insurance company which carried compensation insurance on the employees of Cosden Oil Company and on defendant, if Cosden Oil Company nor said insurance company carrying compensation insurance on the employees of Cosden Oil Company should not pay."

The trial court concluded that the plaintiffs were entitled to judgment, notwithstanding his finding that "testimony was introduced by the plaintiffs which showed it was clearly within the statutes of fraud, and was objected to by the defendant." This conclusion was based upon the theory that the defendant waived the objection by thereafter eliciting the same testimony regarding the terms of the contract from the plaintiffs as witnesses.

The first ground urged for the reversal of the judgment is based upon an assignment that the court erred in permitting the plaintiffs to testify to the terms of an agreement to the effect that the defendant was to pay for medical and hospital services if Cosden Oil & Gas Company did not. If the contract testified to by the plaintiffs was the same as the contract alleged in their pleadings, except that that it was shown by the testimony to be oral, the objection would be good unless, as contended by appellees, it was waived. But, manifestly plaintiffs testified to a very different contract than the one alleged, as shown in the findings of fact quoted above. By plaintiffs' pleading the defendant was charged upon a contract consisting of an unconditional personal promise. The findings of the trial court, which are unchallenged and must therefore be looked to solely as the basis of the judgment, show that the agreement was conditional. Plaintiffs could only recover upon proof of the contract alleged. Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398; W. U. Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Stewart v. Gordon, 65 Tex. 344; Shipman v. Fulcrod, 42 Tex. 248; Mason v. Kleberg, 4 Tex. 86; Gammage v. Alexander, 14 Tex. 418; Brown v. Martin, 19 Tex. 344; W. U. Tel. Co. v. Swearingen, 95 Tex. 420, 67 S. W. 767; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124; Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247; Letot v. Edens (Tex. Civ. App.) 49 S. W. 109; Loudon v. Robertson (Tex. Civ. App.) 54 S. W. 783; D. H. Adams & Co. v. T. P. C. & O. Co. (Tex. Civ. App.) 275 S. W. 1100; Blum v. Sams (Tex. Civ. App.) 250 S. W. 760; Atlas

Torpedo Co. v. U. S. Torpedo Co. (Tex. Civ. App.) 15 S.W.(2d) 150; Kildow v. Irick (Tex. Civ. App.) 33 S. W. 315; J. I. Case Plow Co. v. Morris, 17 Tex. Civ. App. 6, 42 S. W. 652; McConnell v. Payne & Winfrey (Tex. Civ. App.) 229 S. W. 355; Stuart v. Calahan (Tex. Civ. App.) 142 S. W. 60; Munn v. Townes (Tex. Civ. App.) 23 S. W. 1117; W. U. Tel. Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40.

"It is elementary that one suing upon a contract must recover upon the contract alleged, or not at all. If he proves a contract essentially different from that alleged, he must fail." Morris v. Kasling, supra.

 The defendant could not be prejudiced by evidence of the plaintiffs that the contract was an entirely different contract from the one sued on. We therefore find it unnecessary to go into the question whether or not the defendant waived his objection by cross-questioning the witnesses and thereby eliciting the same testimony as that objected to. The testimony admitted over defendant's objection was entirely favorable to the defendant. The findings of fact and conclusions of law showing that the judgment was given for the breach of a different contract than the one sued upon presents a fundamental error, apparent upon the face of the record. McConnell v. Payne & Winfrey, supra; Stuart v. Calahan, supra.

The judgment of the trial court must therefore be reversed, and the cause remanded. It is accordingly so ordered.