INTERNATIONAL ORDER OF TWELVE KNIGHTS AND DAUGHTERS OF TABOR v. FRIDIA et al.

No. 1642.

Court of Civil Appeals of Texas. Waco.

Jan. 30, 1936.

Rehearing Denied Feb. 27, 1936.

Barney Garrett and Mabel Grey Howell, both of Waco, for plaintiff in error.

Tirey & Tirey and Sleeper, Boynton & Kendall, all of Waco, for defendants in error.

GALLAGHER, Chief Justice.

Wm. Cameron & Co., a corporation, filed suit against J. W. Fridia in the county court at law on a verified account to recover a balance of $273.95. Fridia filed an answer, bill of interpleader, and cross-action against International Order of Twelve Knights and Daughters of Tabor, a corporation (hereinafter called "said Lodge"), in which he alleged that said Lodge owned a certain piece of property in the city of Waco known as Taborian Park; that he as its agent had for a number of years had custody and control of said park; that as such he was authorized to make improvements thereon and to keep the same in repair; that "acting within his authority, be bought, on the day and date set out in said itemized account, from Wm. Cameron & Company, Inc., $423.95 worth of material to repair said properties of said Taborian park * * * as he was authorized and had a right to do * * *; that at the time he, Fridia, bought said materials from the plaintiff it knew that said material was bought for said Taborian park and not for this defendant Fridia but that he was only an agent" of the Lodge; that all of the material so furnished was placed upon the property of said park; that the debt sued for was the debt of the Lodge. · He prayed for judgment and execution over against the Lodge for such sum, if any, as the plaintiff might recover against him. Said Fridia died before the trial, and his executrix, Mrs. Mamie E. Fridia, was made a party hereto in his stead. She adopted the pleadings theretofore filed by him. The Lodge, in answer to said cross-action, admitted its ownership of said park and that J. W. Fridia at the time said repairs were made had control and management thereof, and in that connection alleged that while he (Fridia) was authorized to make such repairs, the amount to be expended therefor was expressly limited to the sum of $100; that when it learned that Fridia had, in making such repairs, incurred an expense of $423.95, it agreed to pay an additional sum of $100; that it had paid an aggregate of $200 on said account; and that $50 of the same was paid after the institution of this suit.

The case was submitted to a jury on special issues, and the court, on the answers returned thereto by the jury, rendered judgment in favor of Wm. Cameron & Co., Inc., against Mrs. Mamie E. Fridia, in her capacity as executrix as aforesaid,

in the sum of $223.95, and judgment over in favor of the executrix against the Lodge for the same sum. Mrs. Fridia, the executrix, has made no complaint of the judgment against her, but the Lodge presents her judgment against it to this court by writ of error for revision.

Opinion.

■ The Lodge presents various assignments of error in which it contends that the testimony introduced and the findings of the jury thereon are insufficient to support a judgment against it in favor of the executrix, because she alleged that the testator, Fridia, as agent for the Lodge, purchased material for repairs made upon the park from Cameron & Co. in the sum of $423.95 and sought recovery over against the Lodge solely on such allegation, and the uncontradicted testimony and the findings of the jury thereon were that said Fridia entered into a written contract with Cameron Roofing Company, a corporation, for the furnishing of labor and material to re-roof a building in said park and agreed to pay said roofing company therefor the sum of $366, which amount was included·in the account sued on by Wm. Cameron & Co. and for which judgment over against the Lodge was sought by said executrix. There was no allegation in the pleadings of either Cameron & Co. or the executrix that part of the indebtedness sued for was incurred under a written contract with Cameron Roofing Company for labor and materials to re-roof said building. Neither was there any allegation showing any right in Cameron & Co. to recover the consideration recited in said contract, nor any right in the executrix to recover the same from the Lodge. The right to recover on the allegation that the suit was for material furnished by Cameron & Co. was attempted to be shown by the testimony of·a witness that Cameron Roofing Company was a subsidiary of Cameron & Co.; that the latter corporation had paid the former for such job; and that bills for·all accounts due the former were sent out by the latter. A "subsidiary corporation" is one which is controlled by another corporation by reason of the latter's ownership of at least a majority of the shares of the capital stock. Ballentine's Law Dictionary, p. 1245. Notwithstanding two corporations may be so related, each is deemed to have an independent existence. 10 Tex.Jur. p. 654, § 51. As hereinbefore stated, Cameron & Co. sued on account for merchandise

amounting in the aggregate to $423.95 and admitted payments amounting to $150, leaving a balance of $273.95. It is conceded that a further payment of $50 was made thereon during the pendency of the suit, reducing the demand to $223.95, the amount of the judgment herein. The item under discussion is entered on said account as: "New Roof on Taborian, $366.00." The remainder of said account consisted of charges for various items of merchandise, amounting in the aggregate to $57.95. The undisputed testimony shows that all these items were purchased by Fridia from Cameron & Co. and used by him in other repairs on the park. The jury in this connection found that Fridia bought from Cameron & Co. material for repairing the park amounting to and of the reasonable value of $423.95, and also that Fridia as agent of the Lodge made a contract with Cameron Roofing Company to put a new roof on a building in said park, and that said roofing company knew he was acting as agent for the Lodge. We do not think that the allegations hereinbefore recited were sustained by the testimony so far as the cost of re-roofing the building was concerned. While there are findings tending to sustain such allegations, there are other findings of equal dignity inconsistent therewith.

■ Our statutes provide that the judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict. Vernon's Ann.Civ.St. art. 2211. We think there is in this case such variance between the allegations upon which the executrix sought recovery herein and the testimony submitted in support thereof and certain findings of the jury thereon, that this court would not be warranted in sustaining the judgment. Western Union Telegraph Co. v. Smith, 88 Tex. 9, 13, 14, 28 S.W. 931, 30 S.W. 549, and authorities there cited; New Amsterdam Casualty Co. v. Harrington (Tex.Com. App.) 290 S.W. 726, 727, par. 2, and authorities there cited; Continental Oil Co. v. Baxter (Tex.Civ.App.) 59 S.W.(2d) 463, 467, pars. 14 and 15; O-W-R Oil Co. v. Sowell (Tex.Civ.App.) 82 S.W.(2d) 1099, 1101; Barnhart Mercantile Co. v. Bengel (Tex.Civ.App.) 77 S.W.(2d) 295, 297, par. 2; Shade v. Anderson (Tex.Civ.App.) 36 S.W.(2d) 1041, 1043, pars. 4 and 5; Adams & Co. v. Texas Pacific Coal & Oil Co. (Tex.Civ.App.) 275 S.W. 1100, 1102, par. 4, and authorities there cited; Clem v. Fulghum (Tex.Civ.App.) 37 S.W.(2d) 201, 203, par. 3, and authorities there cited, affirmed (Tex.Com.App.) 58 S.W.(2d) 15; Missouri State Life Ins. Co. v. Boles (Tex. Civ.App.) 288 S.W. 271, 273, par. 5; McAlister v. Bivings (Tex.Civ.App.) 29 S.W. (2d) 853, 854, par. 2, and authorities there cited; Cantrell v. Brannon (Tex.Civ.App.) 16 S.W.(2d) 400, 403, par. 5; Superior Fire Ins. Co. v. C. S. Lee Grain & Elev. Co. (Tex.Civ.App.) 261 S.W. 212, 214, par. 3; Gilmer v. Graham (Tex.Com.App.) 52 S.W.(2d) 263, 265, par. 8; International & G. N. Ry. Co. v. Reed (Tex.Civ.App.) 189 S.W. 997, 998, par. 1; Vitovsky v. Gallia (Tex.Civ.App.) 268 S.W. 1026, 1027, par. 2.

■ The Lodge presents various assignments in which it contends the court erred in refusing to permit certain of its officers and agents to testify concerning transactions with or statements by the testator Fridia. Such testimony was excluded on objection interposed by the executrix, Mrs. Fridia, that said witnesses were incompetent to testify thereto under the provisions of article 3716, commonly called the "dead man statute." Said article has no application to an officer or other agent of a corporate party to a suit. Chastain v. Texas Christian Missionary Society (Tex.Civ. App.) 78 S.W.(2d) 728, 732, par. 8 (writ refused), and authorities there cited.

The other assignments of error presented by the Lodge complain of matters which will not necessarily arise in the same way, if at all, on another trial.

The executrix has not appealed from the judgment in favor of Cameron & Co. against her and the same is not disturbed. The judgment in favor of the executrix over against the Lodge is reversed, and the cause as between said parties is remanded.