## WESTERN UNION TELEGRAPH COMPANY *v.* FORD.

### Opinion delivered February 3, 1906.

1. TELEGRAPH COMPANIES—REGULATION AS TO OFFICE HOURS.—A telegraph company may fix reasonable hours for the receipt and delivery of messages, and a regulation fixing its office hours from 8 to 10 a. m. and from 4 to 6 p. m. on legal holidays is reasonable. (Page 534.)

2. SAME—INSTRUCTION.—While a telegraph company may adopt a reasonable regulation for the receipt and delivery of messages on legal holidays, it was not error to refuse to instruct that the company was free from blame for delay in delivering a message if the delay was due to observance of a holiday, as the jury might have understood from it that observance of the holiday excused the company from diligence in delivering the message. (Page 534.)

3. TRIAL—EFFECT OF ASKING IMPROPER INSTRUCTION.—One who has not asked a proper instruction on the subject cannot complain of the refusal of the court to give an improper one. (Page 534.)

4. TELEGRAPH COMPANY—NEGLIGENCE IN DELIVERY OF MESSAGE.—Where a telegraphic message was addressed to a married woman without giving her street address, and the proof showed that she lived with her husband within a few blocks of the telegraph office, and that her husband's name appeared in the telephone directory and upon a sign over the door of his place of business, proof of delay in delivery of the message for nearly 24 hours will justify the jury in finding negligence. (Page 534.)

5. SAME—DAMAGES FOR MENTAL DISTRESS.—Where a telegraphic message was sent from another State to a person in this State, and by the negligence of the telegraph company was not delivered promptly, the telegraph company is liable for damages, under Kirby's Digest, § 7947, for mental distress caused by such negligence, though such damages are not recoverable in the State whence the message was sent. (Page 535.)

6. SAME—BASIS OF ACTION.—The right of action in favor of the receiver of a telegraphic message, or the person addressed, is based, not upon privity of contract, but upon the public duty which the telegraph company. owes to any person beneficially interested in the message. (Page 535.)

Appeal from Miller Circuit Court; JAMES S. STEEL, on exchange of circuits; affirmed.

### STATEMENT BY THE COURT.

This is an action to recover damages for delay in the delivery of a telegram.

The plaintiff resided at Texarkana, Arkansas, and had a

sister at Carthage, Mo. Her sister died on January 1, 1904, at an early hour in the morning, and about 11:30 o'clock on that day Jennie Harding, a niece of plaintiff, delivered to defendant company for transmission the following telegram directed to plaintiff:

"Joplin, Mo., January 1, 1904.

"Mrs. Belle Ford, Texarkana, Ark.:

"Your sister is dead. Can you come? Answer to Carthage.

[Signed] Jennie."

The message was received at the Texarkana office at 1:45 the same day, but was not delivered to plaintiff until the following day, January 2, 1904, about ten o'clock. It is alleged that the servants of defendant were guilty of negligence in the delivery of the message; that the funeral of plaintiff's sister was held on January 2, at Joplin; that plaintiff could and would have left Texarkana at 7:30 p. m. on January 1, so as to reach Joplin in time to be present at the funeral, had she received the telegram in time, and that, on account of the disappointment in not being able to attend her sister's funeral, she suffered great anguish, and thereby sustained damages in the sum of $1,000, for which she prayed judgment.

The defendant answered, denying negligence on the part of its servants, and alleging that the delay in delivery of the message was due solely to the negligence of the sender in failing to give a sufficient address of the sendee.

The jury returned a verdict in favor of the plaintiff in the sum of $500 damages, and the defendant appealed.

*George H. Fearons* and *Rose, Hemingway & Rose,* for appellant.

1. The court erred in refusing defendant's second instruction. Observance of holidays is conceded, and a telegraph company has the right to fix its own reasonable hours for receiving, transmitting and delivering messages. Crosswell on Elec. § § 421, 422; 103 Ind. 505; 54 S. W. 963; *Id.* 829; 47 Atl. 881; 62 S. W. 136; 31 S. W. 211; 66 S. W. 17; *Ib.* 592; 43 S. W. 1053; 32 S. E. 1026; 24 Fed. 119; 8 Bissell, C. C. 131.

2. It was error to refuse defendant's tenth instruction. The contract of transmission was made in Missouri, and the rights of

the parties are governed by the laws of that State. 37 S. W. 905;
135 Mo. 661; 45 S. E. 938; 133 N. C. 603; 50 S. E. 538; 29 Miss.
670; 78 S. W. 744; 74 S. W. 751; 78 S. W. 34; 80 S. W. 561;
116 Mo. 34; 49 S. E. 952.

3. Defendant having exercised all diligence possible under
the circumstances in view of the improper address of the message
and the signature thereto, appearing in evidence, the verdict is
contrary to the evidence and the court's instructions. As to suf-
ficient diligence in effort to deliver, see 74 S. W. 922; 43 S. E.
945; 43 S. W. 1033; 60 *Id.* 687; 74 *Id.* 1098; 92 Ga. 607; 2 N.
E. 709; 3 So. 566; 74 S. W. 943; 62 S. W. 136; 102 Pa. St. 164;
68 Miss. 1; 27 Am. & Eng. Enc. Law, 1032-3.

*W. H. Arnold,* for appellee.

1. The statute authorizes recovery in this class of cases.
Kirby's Digest, § 7947. Though the contract for transmission and
delivery of the message was made in Missouri, the negligence
complained of occurred in Arkansas, and the contract is governed
by the law of Arkansas. 84 S. W. 764, and cases cited; 64 Ark.
538; 13 So. 880; 50 Ark. 155; 67 Ark. 295; Watson on Damages,
681; 154 U. S. 190; 54 S. W. 865; 68 S. W. 526; 162 U. S. 650;
64 S. W. 1063; 108 Tenn. 39; 51 S. E. 119.

2. Defendant's second instruction was not in response to
the issues raised by the answer, and was properly refused.

McCULLOCH, J., (after stating the facts.)    1.    Appellant
assigns as error the refusal of the trial court to give the following
instruction:

"You are instructed that the defendant is justified in ob-
serving the usual holidays; and if you find that the delay in de-
livering the message sued on was due in any degree to the ob-
servance by the defendant of January 1 as a holiday, to that ex-
tent you will hold the defendant free from blame."

The rules of the company provide that on holidays the office
hours shall be from 8 to 10 a. m. and from 4 to 6 p. m. Tex-
arkana being the repeating station for messages *en route* to Texas,
an operator remains on duty all day to keep the repeater in order,
and the message in question was received at 1:45 p. m. by this
operator, who placed it on a hook in the office, and no effort was
made to deliver it to the sendee until the return of the delivery
clerk to the office about 4:45 p. m.

A telegraph company may fix reasonable hours for the receipt and delivery of messages, and the question whether such regulation is reasonable or unreasonable is one of law for the court to declare. *Western Union Telegraph Co.* v. *Love-Banks Co.,* 73 Ark. 205.

The regulation shown in this case to have been promulgated by the company, fixing office hours on holidays, seems to be reasonable, and it would have been the duty of the court, if requested, to have so declared to the jury. But the instruction in question does not embody any such declaration. It says nothing about reasonableness of the regulation, but tells the jury broadly that the company was free from blame if the delay was due to observance of the holiday. It was misleading, as the jury might have understood from it that observance of the holiday excused the company from diligence in delivering the message. Under the law the company was bound to exercise due diligence, consistent with its reasonable rules, in seeking to make a delivery of the message, and was liable for any negligence in this regard. Appellant can not, without having asked for a proper instruction on the subject, complain of the refusal of the court to give an improper one.

2. It is contended that the evidence was not sufficient to sustain the charge of negligence against appellant, and that the delay in delivery of the message was due solely to the negligent failure of the sender to give a sufficient address of the sendee. This was a question of fact for the jury, and we think the evidence was sufficient to warrant the finding. The sender may have been guilty of negligence in failing to give a specific address, but the company accepted the address, and undertook to transmit it and to exercise due diligence in promptly delivering it. The deficiency in the address was a proper matter for the jury to consider, and doubtless they did consider it in determining whether diligence was exercised in searching for the addressee to deliver the message. But a finding of negligence on the part of the sender in this respect would not have excused the company from a negligent failure to deliver. The proof shows that the plaintiff was living with her husband, J. A. Ford, only a few blocks from the telegraph office in the business portion of the city of Texarkana. The name of J. A. Ford appeared in

the telephone directory and upon a sign over the door of his place of business. The whereabouts of plaintiff were ascertained the next day, and the message delivered to her by the messenger through inquiry at her husband's place of business. Her name, stated in the face of the message, indicated that she was a married woman. The jury could rightfully conclude that due diligence required the servants of the company to inquire for plaintiff of a man bearing the name of Ford who was so accessible by telephone as her husband was shown to have been. We can not say that the jury were not warranted in finding negligence under these circumstances.

3. Learned counsel next contend that there can be no recovery in this case because the message was sent from a point in Missouri where the law does not authorize recovery of damages for mental anguish unaccompanied by physical suffering. An instruction to this effect was asked by appellant and refused by the court. The statutes of this State provide that "all telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company." Kirby's Digest, § 7947. The cause of action arose in this State by reason of the negligent act in failing to promptly deliver the message having occurred here. The authorities on this question are not entirely harmonious, but we think the weight of authority supports the view that the law of this State as to the measure of damages should control, and this view is consonant with sound reason. 2 Wharton, Conflict of Law, p. 1085; *Harrison* v. *W. U. Tel. Co.* (S. C.), 51 S. E. 119; *Gray* v. *W. U. Tel. Co.,* 108 Tenn. 39; *Howard* v. *W. U. Tel. Co.* (Ky.), 84 S. W. 764; *W. U. Tel. Co.* v. *James,* 162 U. S. 650.

It will be observed that our statute does not make the right to recover such damages depend upon any contractual relation existing between the telegraph company and the person injured by its negligence, but declares in broad terms that all telegraph companies doing business in the State shall be liable for mental anguish for negligence in receiving, transmitting or delivering

messages. In fact, the right of an addressee to recover damages at all is not based upon contract, as none exists. "The true view," says Mr. Thompson, "which seems to sustain the right of action in the receiver of the message, or in the person addressed, where it is not delivered, is one which elevates the question above the plane of mere privity of contract, and places it where it belongs, upon the public duty which the telegraph company owes to any person beneficially interested in the message, whether the sender, or his principal, where he is agent, or the receiver or his principal, where he is the agent." Thompson on Electricity, § 427.

While this precise question was not presented in the case of *Peay* v. *W. U. Tel. Co.*, 64 Ark. 538, the effect of that decision was to sustain the right of recovery in the case at bar. The Peay case was decided before the enactment of the present statute allowing recovery for mental anguish unaccompanied by physical injury, and the court, declining to follow the so-called Texas rule, held that no recovery could be had. In that case the message was sent from a point in the State of Kentucky, where such damages were allowable; so, if the doctrine contended for now by appellant is declared to be the law, the Kentucky rule should have been enforced in the Peay case, and the recovery for mental anguish allowed. While, as said before, this question was not discussed in the Peay case, and may have been overlooked by both court and counsel, yet the effect of the decision serves to negative any intention on the part of the lawmakers to adopt the Texas doctrine in full. The present statute was obviously enacted by the Legislature in order to change the rule announced in the Peay case as to the right to recover such damages; and, if we indulge in any speculation at all as to the motive and intention of the lawmakers, we must say that the statute was passed with a full knowledge of the decision of this court holding that no such damages were recoverable in this State for negligence in delivering a message here which had been sent from a State where such damages were allowed.

A somewhat similar question came before the court recently in the case of *Arkansas Southern Ry. Co.* v. *German National Bank*, *ante* p. 482, in construing the effect of the statute of this State applicable to a shipment of freight from another State, prohibiting the delivery by a carrier of freight without sur-

render of the bill of lading. The freight was shipped from a point in Louisiana to a point in Arkansas, and delivered here without surrender of the bill of lading. Damages were sought to be recovered on the ground that the delivery was a violation of the statute. The court held that the statute was applicable and enforcible, though the contract of affreightment was made in another State. The court quoted with approval the following language of the Supreme Court of the United States in the case of *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Solan,* 169 U. S. 133: "A carrier exercising his calling within a particular State, although engaged in the business, is answerable, according to the law of the State, for acts of nonfeasance or of misfeasance committed within its limits. If he fails to deliver goods to the proper consignee at the right time and place, or if by negligence in transportation he inflicts injury upon the person of a passenger brought from another State, the right of action for the consequent damage is given by the local law."

We need not, and do not, decide what would be the effect of the statute if the act of negligence complained of had occurred in the State of Missouri whence the message was sent. That question does not arise in this case. But we do hold that where the act of negligence occurred here, and the injury was sustained here, the statute is enforcible, and gives the right to recover damages for mental anguish, even though such damages are not recoverable in the State whence the message was sent.

Judgment affirmed.