WESTERN UNION TELEGRAPH COMPANY *v.* WOODARD.

| 84 | 323 |
| 185 | 268 |

Opinion delivered November 11, 1907.

1. APPEAL—HARMLESS ERROR.—The admission of incompetent evidence which tended to prove admitted facts was not prejudicial.  (Page 325.)

2. TELEGRAPH COMPANIES—RIGHT OF ADDRESSEE TO RECOVER.—The addressee of a telegram is entitled to recover damages resulting from a failure to deliver such telegram.  (Page 325.)

3. SAME—RECOVERY OF DAMAGES FOR MENTAL ANGUISH.—Where a telegram was sent to a person in this State from a State which permits a recovery by the addressee of damages for mental anguish in case of its non-delivery, and the telegram was not delivered, the addressee is entitled to recover for any mental anguish suffered by him, whether the negligence complained of occurred in this State or the State from which the message was sent.  (Page 326.)

4. CONTINUANCE—ABSENCE OF WITNESSES.—An application for a continuance upon the ground that the applicant had not ascertained the whereabouts of certain witnesses in .time to have their testimony taken was insufficient if it failed to show why the witnesses were not located earlier.    (Page 329.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*George H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. Plaintiff being the addressee, no contractual relations existed between him and the appellant. His right to recover is therefore based on tort, and none is shown.

2. If the burden was upon appellant to show where the negligence occurred, then it was abuse of discretion to deny its application for a continuance.    21 Ark. 460; 60 Ark. 564.

3. It was error to allow the witness Woodard to testify as to conversations had with the sending operator after the message had been sent. They were hearsay and inadmissible.    57 Ark. 287; 49 Ark. 207; 34 Ark. 451; 29 Ark. 512; 14 Ark. 86.

*T. C. Trimble, Geo. M. Chapline, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellee.

1. The right of the addressee is based, not upon privity of contract, but upon the public duty which a telegraph company owes to any person beneficially interested in the message.    77 Ark. 531; 79 Ark. 448.    And the addressee may recover, under laws of the State, where the message is delivered or sent.    86 S. W. 982; 93 S. W. 34; 51 S. E. 119; 4 Current Law, 1165.

2. No sufficient showing of diligence having been shown, the application for continuance was properly refused.    Moreover, the evidence for which the continuance was sought was immaterial; and it is shown that there were various routes by which the message could have been transmitted, and the fact that there was "trouble with the wires at St. Louis" was no defense.    2 Shear. & Redf. on Neg. 5 Ed. § 540.

3. Woodard's conversation with the operator was properly admitted, being a part of the *res gestae.*    74 S. W. 560.

HILL, C. J.    R. S. Woodard brought suit against the Western Union Telegraph Company for negligence in the transmis-

sion and delivery of a telegram from his father notifying him of the death of his sister, alleging that the failure to transmit and deliver the telegram to him prevented him from attending the funeral of his sister, thereby occasioning him mental distress. He recovered judgment, and the telegraph company has appealed.

The message was sent from Fayetteville, Tennessee, to Stuttgart, Arkansas. There was evidence that it was received by the operator at Fayetteville, Tennessee, and by him forwarded to Nashville, Tennessee, there to be transmitted to St. Louis, and from there to be transmitted either through Pine Bluff, Arkansas, to Stuttgart, or direct to Stuttgart, according to the hours in which it was received at St. Louis.

It was not received at Stuttgart, and there is no evidence where it was lost in transit. The answer alleged that the failure to transmit was due to troubles with the wires between St. Louis and Stuttgart, and that by the exertion of diligence it had been unable to transmit it; but there was no evidence to sustain this allegation.

There were statements of the operator at Fayetteville, Tennessee, as to the transmission of the telegram to Nashville, and its receipt there and its failure to reach Stuttgart, and other declarations of the agent that were outside the issues. These declarations were inadmissible. 2 Wigmore on Evidence, § 1078.

The facts contained in these declarations are not material; and, besides, the company in its answer admitted that the telegram was duly received in St. Louis, and not transmitted to Stuttgart. Therefore, this incompetent evidence had no bearing upon any of the real issues of the case.

2. It is insisted that there can be no recovery in this case because there were no contractual relations between the company and the plaintiff, as he was the addressee of the telegram. This is the English rule upon the subject, and there are a few cases in America that have followed the English courts. But the great weight of authority—in fact, almost all of the American authorities—are against the rule. It has become so thoroughly established that it is called the "American doctrine" on the subejct to allow the addressee of the telegram to recover for damages flowing from a failure to deliver or correctly deliver

the telegram sent him.   Joyce on Elec. Law, § § 107-8; 21 Enc. Plead. & Prac. 509; Thompson on Law of Elec. 422-7; Jones on Tel. & Tel. Companies, § § 472-7.

This court early aligned itself with the American decisions. *Western Union Tel. Co.* v. *Short,* 53 Ark. 434.   Recently it reiterated the right of the addressee to recover under the mental anguish statute.   *Western Union Tel. Co.* v. *Ford,* 77 Ark. 531.

While the right to recover by the addressee is almost universally recognized in America, yet the grounds of recovery are variously sustained; some of the courts holding that the contract of the sender inures to the benefit of the addressee, and others holding that it is an action of tort, and others holding that it is a breach of public duty.   Jones on Tel. & Tel. Companies, 476-482; Thompson on Law of Elec, § 427; Joyce on Elec. Law, § 1013.

3.   It is said that it is not shown that this telegram ever reached Arkansas, but that on the contrary it is made distinctly to appear that it did not reach either the Pine Bluff or Stuttgart office, and they were the offices through which it would have reached the State.   It is argued therefrom that no tort occurred and no negligence is shown to have been committed in Arkansas, and that consequently no action. can be maintained here.

A somewhat similar question was presented in the Ford case, *supra.*   A message was sent from Missouri, where the law does not authorize recovery of damages for mental anguish.   But the evidence in that case showed that the telegram was transmitted to Arkansas, and that the negligence occurred in this State.   The court did not go beyond that point in determining the principle controlling it.

In the case of *Arkansas & La. Ry. Co.* v. *Lee,* 79 Ark. 448, it was contended that there should be no recovery on account of a negligent delivery in Louisiana, where the law does not permit recovery for mental anguish.   But the facts in that case showed the negligence was in Arkansas in the transmission from Nashville to Hope by the railroad company, and from Hope to Shreveport by the telegraph company.   The court held that the negligence was in the transmission here, not in Louisiana; and did not go beyond the facts in determining what would have

been the effect, had there been negligence in delivery in Louisiana.

Therefore, this case presents a different phase of the question that has heretofore been before the court. The question is simplified by the fact that in Tennessee, the State from which this telegram was sent, mental anguish is a recoverable element. *Wadsworth* v. *Western Union Telegraph Co.*, 86 Tenn. 695; *Telegraph Co.* v. *Mellon*, 96 Tenn. 66; *Gray* v. *Telegraph Co.*, 108 Tenn. 39.

As will be seen by the above-cited cases, Tennessee was one of the States which sustained such recovery by judicial construction, and such actions are not dependable upon statute, as they are in Arkansas. But the statutory action is intended to place in force in this State substantially what is known as the "mental anguish doctrine" in States where it prevails by judicial construction. *Western Union Tel. Co.* v. *Hollingsworth*, 83 Ark. 39.

Mr. Wharton, in his work on Conflict of Laws, says: "The general rule seems to be that a contract made in one State or country for the transmission of a telegram from a point in that State or country to a point in another is governed by the law of the State or country in which the contract is made and from which the telegram is sent, rather than by that of the State in which it is received. * * * The rule prevailing in the State from which the telegram was sent, permitting a recovery of damages for mental anguish, has been applied, though the rule was otherwise in the State in which the telegram was to be delivered. (Citing many cases.)

"Some cases, however, apparently assume that the performance of the contract is the delivery of the telegram, and that the transmission is merely a means of enabling the telegraph company to perform; and they therefore refer the contract to the law of the place of delivery as the sole place of performance. Assuming, however, that the former rule is the correct one, it does not apply to matters that relate to the remedy, as distinguished from the substantive contract, and therefore does not operate to relieve a contract from the effect of the statute, which is remedial rather than substantive, of the State in which the telegram was to be sent delivered, if the action is brought in that

State. Nor does the general rule prevent the application of the law of the State in which the telegram was to be delivered when the action is brought in that State and does not rest upon the contract, but upon a statute rendering the company liable for a breach of its statutory duty, independently of contract." Wharton on Conflict of Laws, pp. 1082-5.

Applying this principle here, it is not material in this case which view is generally taken as to the action, whether *ex delicto, ex contractu* or statutory; for the action must be sustained by reason of the Tennessee contract. It is held in Tennessee that the addressee recovers upon the contract of the sender inuring to his benefit, and that mental anguish is a recoverable element in such contracts. *Wadsworth* v. *Western Union Tel. Co.*, 86 Tenn. 695; *Manier* v. *Western Union Tel. Co.*, 94 Tenn. 442; *Gray* v. *Tel. Co.*, 108 Tenn. 39.

There have been many cases before this court where different features of the relation between parties and the telegraph company were considered, and the principles here involved more or less touched upon. See *Baltimore & O. Tel. Co.* v. *Lovejoy*, 48 Ark. 301; *Western Union Tel. Co.* v. *Ford*, 77 Ark. 331; *Western Union Tel. Co.* v. *Short*, 53 Ark. 434; *Western Union Tel. Co.* v. *Raines*, 78 Ark. 545; *Western Union Tel. Co.* v. *Hogue*, 79 Ark. 33; *Arkansas & La. Ry. Co.* v. *Lee*, 79 Ark. 448; *Western Union Tel. Co.* v. *Shenep*, 83 Ark. 476.

These cases present different phases of the subject; some dealing with the contractual features, some with the statutory elements engrafted into the relations between the telegraph companies and their patrons, and some dealing with both features. Some of the language used in these opinions may not be entirely in harmony with the language in others, but there is no conflict in the decisions themselves.

In this case, although there may be no statutory action arising in Arkansas, for the reason that no negligence has occurred actionable under the statute, yet here is a contract which, under the laws of Tennessee where it was made between the sender and the telegraph company, inured to the benefit of the addressee; and one element of the contract was the right to recover for mental anguish. That action is, under the principles heretofore quoted from Wharton (which seem fully sup-

ported by the authorities), sustainable here; and that is as far far as the court is required to go in this case.

4. The appellant also asks a reversal for the failure of the court to grant a continuance in order that it might obtain its witnesses to sustain its defense. The case was continued from the term to which it was brought to the succeeding term, six months thereafter, and it is not shown why the company did not earlier locate its witnesses. It says that it had learned of their whereabouts too late to take the testimony at that time. But such diligence is not shown on its part as would require a reversal of the discretion of the judge in refusing a continuance.

The evidence was sufficient to sustain the verdict, and there is no error.

Affirmed.