WESTERN UNION TELEGRAPH CO. v. TICE.

(Court of Civil Appeals of Texas. Texarkana. May 2, 1912. Rehearing Denied Oct. 10, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 55*)— CONNECTING CARRIER IN TRANSMISSION AND DELIVERY OF MESSAGES—LIABILITY.

Where the Postal Telegraph Company received a message to a point beyond its own lines and collected the price for delivery at the point of destination, and delivered the message at the end of its lines to the Western Union Telegraph Company for delivery at the point of destination, and it received the message with knowledge of the payment of the price in full and pursuant to custom whereby it accepted for delivery messages of the Postal Telegraph Company which it could not handle to destination, the Western Union Telegraph Company assumed the duty of delivering the message at its destination within a reasonable time, notwithstanding a stipulation in the contract between the sender and the Postal Telegraph Company that it was the agent of the sender, without liability to forward the message over the lines of any other company, when necessary to reach the point of destination.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 23; Dec. Dig. § 55.*]

2. TELEGRAPHS AND TELEPHONES (§ 65*)— DELAY IN DELIVERY OF MESSAGES—ISSUES, PROOF, AND VARIANCE.

A petition, in an action against a telegraph company for failure to promptly deliver a message, which alleges that the sender delivered a message to defendant at a designated town for delivery to the sendee, is sustained by proof that the sender delivered the message to another telegraph company, which transmitted it to the designated town and there delivered it to defendant for delivery at the point of destination.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. § 65.*]

3. TELEGRAPHS AND TELEPHONES (§ 27*)— DELAY IN DELIVERY OF MESSAGES—LIABILITY FOR MENTAL ANGUISH.

Where a telegraph company occupied the status of a connecting carrier in Texas in the

reception, transmission, and delivery of a message received by another company in a sister state for transmission and delivery, and it failed to promptly transmit and deliver the message, the sendee could recover from the telegraph company, as a connecting carrier, for mental anguish, whether the contract was a contract of the sister state or not.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 80; Dec. Dig. § 27.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Action by Napoleon Tice against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Chas. S. Todd, of Texarkana, and Geo. H. Fearons, of New York City, for appellant. Smelser & Vaughan, of Texarkana, for appellee.

HODGES, J. This is an action in which the appellee recovered a judgment against the appellant for mental anguish resulting from the failure to promptly transmit and deliver a telegram notifying him of his father's death. A jury was waived, and the facts were submitted to the court, and a judgment rendered in favor of the appellee for the sum of $300.

The first ground of error urged is that there was a variance between the allegations of the plaintiff's original petition and the proof adduced upon the trial. It is claimed that the petition states a cause of action based upon an alleged breach of a contract made with the appellant at Paris, Tex., but that the evidence shows that the only contract made was one with the Postal Telegraph Company at Fouke, Ark. The language of the petition upon that feature is as follows: "On February 14, 1911, and a short time after plaintiff's father was brought home dead, plaintiff's sister, Josie Tice, delivered and caused to be delivered to the defendant at Paris, Tex., a message to the plaintiff, directed to him at Hugo, Okl., informing him of his father's death and requesting him to come at once, which said message was sent by the said Josie Tice for the benefit of plaintiff, which said message the defendant, at Paris, Tex., accepted and agreed to transmit and deliver to plaintiff in Hugo, Okl., with all reasonable diligence and dispatch, which said message was as follows: 'Napoleon Tice, Hugo, Okla. Come at once, your papa is dead. Josie Tice.' Said message was dated Fouke, Ark., February 14, '11, meaning February 14, 1911, and was received by defendant on that day, and the said Josie Tice paid to the defendant the usual and customary rate and charge therefor." The evidence concerning the delivery and transmission of the message showed that appellee's father died very suddenly at his home in the country, a short distance from the town of Fouke, Ark., on the 14th of February, 1911. His sister, Miss Josie Tice, wrote the message upon a blank piece of paper at their home and gave it to one Alonzo Roberts, who carried it to the depot at Fouke and delivered it to the telegraph operator at that place. This operator testified that he was the station agent there for the Texas & Pacific Railway Company, and was operator for the Postal Telegraph Company; that this was the only telegraph company in that town; that the Western Union had no office at Fouke. He received the message above referred to, with a number of others, on that evening. The body of the message was copied by him onto one of the Postal Telegraph Company's blanks, and the original pinned to it. He collected the sum of 75 cents, which was the price of the message from Fouke to Hugo. The testimony further showed that the Postal lines extended only to Paris, Tex.; that at that point this particular message was delivered by the Postal Telegraph Company to the Western Union Telegraph Company; and that the latter company undertook to transmit it to its destination and deliver to the addressee. The agent of the Western Union Telegraph Company at Paris testified that he received this message at 7:55 (presumably the same evening) from a messenger boy from the Postal Telegraph Company. He further said: "There are three telegraph offices at Paris at present. There is no partnership; they are not doing business together. There is no arrangement that I know of with the Postal Telegraph Company by which we undertake to carry out business for them—no contract; but they bring us messages that they can't handle to destination, and we do all in our power to deliver them. That is the only arrangement that I know of. We receive pay from the Postal Telegraph Company for doing that." With reference to this message, he also stated that he knew the Postal Telegraph Company had received pay for it, and the Western Union would look to it for payment at the end of the month. The appellant also introduced in evidence the original telegram, as copied upon one of the Postal Telegraph Company's blanks, which was as follows: "Postal Telegraph & Cable Company of Texas. This company transmits and delivers messages subject to the terms and conditions printed on the back of this blank. S. M. English, General Manager. 5th/14/1911. To Napoleon Tice, Hugo, Okla. Come at once, your papa is dead." Among the conditions on the back of this blank was the following: "And this company is hereby made the agent of the sender, without liability to forward any message over the lines of any other company when necessary to reach its destination."

[1] The foregoing testimony shows that the appellant occupied the status of a connect-

ing carrier in the transmission and delivery of this message, and its liability is to be determined by the rules of law applicable to such public agencies. By accepting the message from the Postal Telegraph Company, the appellant impliedly, for a part of the consideration previously paid, assumed the duty of transmitting and delivering the message at its destination within a reasonable time. Its rights and liabilities are governed by the obligations which the law reads into such an undertaking. W. U. Telegraph Co. v. Smith, 88 Tex. 13, 28 S. W. 931, 30 S. W. 549. It was not a party to the contract made between the sender of the message and the Postal Telegraph Company at Fouke. If any significance is to be attached to the conditions appearing on the blank of the Postal Telegraph Company which was offered in evidence by the appellant, this was not a contract for through carriage of the message; but the Postal Telegraph Company was acting merely as the forwarding agent of the sender. W. U. Telegraph Co. v. Lovely, 52 S. W. 563. The negligence charged in the petition is the failure to deliver promptly in the town of Hugo after the message had been transmitted. This negligence, whether the breach of a contract or the tortious failure to perform a legal duty, was the separate offense of the appellant. It was the omission of either a contractual or a legal duty which it individually and personally owed to the addressee of the telegram. For an injury resulting from this dereliction, it might be sued alone. W. U. Telegraph Co. v. Lyman, 3 Tex. Civ. App. 460, 22 S. W. 656; W. U. Telegraph Co. v. Taylor, 3 Tex. Civ. App. 310, 22 S. W. 532; Martin v. W. U. Telegraph Co., 1 Tex. Civ. App. 143, 20 S. W. 861; Baldwin v. U. S. Telegraph Co., 45 N. Y. 744, 6 Am. Rep. 165.

[2] In stating a cause of action under the circumstances existing in this case, it was not necessary for the petition to allege facts with which the appellant had no concern. It was essential only that the petition should contain averments sufficient to show that the plaintiff in the suit had sustained an injury by reason of the nonperformance of some legal or contractual duty which the defendant was under obligations to perform. This should have been done with such detail and certainty as to apprise the defendant of the facts upon which the plaintiff would rely to establish his case, and thereby enable the defendant to prepare its defense. The petition alleges that Josie Tice delivered and caused to be delivered the message mentioned in the petition to the appellant at Paris, Tex. It is true that the proof shows that Josie Tice did not in person, or through the messenger whom she sent to the depot at Fouke, Ark., make the delivery of this message to the appellant at Paris; but it does show that the message was received at Fouke from her agent by the Postal Telegraph Company, and by that company transmitted to Paris, Tex., and there delivered to the appellant for transmission and delivery at Hugo. It is immaterial by whom the message was delivered to the appellant. It is sufficient for it to know that it was being held liable for a failure to perform its undertaking to transmit and deliver the telegram at its destination to the addressee. The petition states correctly, according to the proof, just what the appellant undertook to do.

The case of W. U. Telegraph Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549, which is relied upon by the appellant to sustain its contention, is materially different from the case at bar. In that suit the petition alleged that the message was delivered to the appellant at Waxahachie, in Ellis county, to be by it transmitted and delivered at Dallas, in Dallas county. The testimony showed that the Western Union Telegraph Company had no office at Waxahachie, but that the message was delivered at that point to the Central Texas & Northwestern Telegraph Company, and by it transmitted to Ennis, and there delivered to the Western Union Telegraph Company. The Supreme Court held that there was a variance between the allegations and the proof sufficient to defeat the cause of action. It said: "The plaintiff in this case alleged a contract, made with the defendant, by which it is alleged that defendant undertook to transmit the message from Waxahachie to Dallas, and to deliver it to the plaintiff. The proof showed that the contract was made with the Central Texas & Northwestern Telegraph Company, and that by an agreement made between the two telegraph companies the defendant received the message from the Central Texas & Northwestern Telegraph Company and undertook to deliver it at Dallas. The liability of the defendant was not upon the original contract, but upon an implied promise arising out of the facts of the case. The pleadings did not notify defendant of the real ground of the action. Suit was upon an express contract made with the defendant; the evidence showed a different ground of liability to the plaintiff; and the evidence varied from the allegations in an essential particular." The distinction between that case and the present is apparent from the foregoing extract. For the reasons stated, we do not think there was any material variance between the allegations and the proof.

[3] Appellant also insists that the judgment is erroneous, because this was an Arkansas contract, and that neither under the laws of Arkansas, nor those of Oklahoma, was mental anguish allowed as an element of actual damages for the breach of this character of contract. The following provision of the Arkansas statutes was offered in evidence: "All telegraph companies doing business in this state shall be liable in damages for mental anguish or suffering,

even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of said companies." Appellant's contention is that the statute, as construed in W. U. Telegraph Co. v. Ford, 77 Ark. 531, 92 S. W. 528, refers to negligence as a tort, and not as the breach of a contract, and for that reason this statute is not to be taken as entering into and forming a part of the terms of such contracts, when made in that state.

If we are correct in, holding that the appellant was not a party to the contract made between the sender of the message and the Postal Telegraph Company at Fouke, then it cannot be said that this was an Arkansas contract, but an undertaking assumed in Texas, into which would be read the laws of Texas. The negligent failure to deliver a telegraphic message has uniformly been treated by the courts as a breach of the contract either expressly or impliedly existing between the parties, and not as a mere tort. Acting upon that rule, the courts of those states where mental anguish is recoverable have looked to the laws of the state where the contract was made, in order to determine whether or not they should allow such damages. This is now the rule in the state of Arkansas. W. U. Telegraph Co. v. Woodard, 84 Ark. 323, 105 S. W. 579, 13 Ann. Cas. 354. The different decisions of that state on this subject were referred to and discussed by this court in the case of W. U. Telegraph Co. v. Parsley, 57 Tex. Civ. App. 8, 121 S. W. 226.

If by the general rules of the common law the negligent failure to deliver a message is to be considered as the breach of the contract, and if by the statute of Arkansas mental anguish resulting from such failure is recoverable as an element of actual damages, it is difficult to escape the conclusion that, even when tested by the laws of that state, mental anguish should be allowed. Hence, according to our view, it is immaterial whether this be treated as a Texas or an Arkansas contract; in either event the result would be the same.

The judgment is affirmed.