## WESTERN UNION TELEGRAPH CO. v. EPLEY. (No. 2204.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 22, 1920.)

1. TELEGRAPHS AND TELEPHONES ⚖⇒27—MENTAL ANGUISH LAW OF STATE WHERE MESSAGE ORIGINATES GOVERNS RECOVERY.

In suits based upon interstate messages, laws of the state where the message originates must determine whether mental anguish alone can be regarded as an element of actual damages.

2. TELEGRAPHS AND TELEPHONES ⚖⇒27—MENTAL ANGUISH DOCTRINE OF ARKANSAS COURTS FOLLOWING FEDERAL SUPREME COURT GOVERNS SUIT ON INTERSTATE MESSAGE WHERE MISCONDUCT OCCURRED THERE.

The right of recovery for mental anguish due to failure of defendant's agent in Arkansas to send death message to plaintiff in Texas must be referred to the Arkansas statutes (Kirby's Dig. § 7947), as construed by the courts of that state, and, since the Arkansas courts following the federal Supreme Court would deny recovery in suit for damages for mental anguish alone, there can be no recovery in the Texas courts.

3. COURTS ⚖⇒8—STATUTES HAVE NO EXTRATERRITORIAL EFFECT.

The statutes of a state have no effect beyond its own limits.

4. COURTS ⚖⇒511—COMITY GIVES RIGHT TO ENFORCE TRANSACTION OCCURRING IN ANOTHER STATE.

It is only by virtue of the principle of comity that the plaintiff can ask the courts of Texas to enforce a transitory action which occurred in Arkansas.

5. COURTS ⚖⇒97(5)—DECISION OF FEDERAL COURT AS RESPECTS DAMAGES FOR FAILURE TO SEND INTERSTATE MESSAGE BINDING ON STATE COURTS.

If the Supreme Court of the United States may entertain jurisdiction of action for damages for mental anguish, due to failure to send interstate message, the rule adopted by that court for determining the measure of damages is binding upon the courts of Texas.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by A. Epley against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Francis R. Stark, of New York City, and Chas. S. Todd, of Texarkana, for appellant.

Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. On or about the 7th of August, 1916, Willie Edwards, a brother of Mrs. Epley, the wife of the appellee, was drowned near Newark, Ark. Another brother of Mrs. Epley and a nephew of the deceased undertook to notify the relatives of that fact. Soon after the accident, they sent a message to Ruth Hughes, a daughter of the deceased living in Oklahoma. That message was written out, presumably, on one of the telegraph blanks by Frank Edwards, a son of the deceased. It was then determined by Frank and J. G. Edwards to also notify Mrs. Epley and another relative by telegraph; but, on account of the press for time, they requested the agent of the appellant at Newark to duplicate the language of the message to Ruth Hughes and send it to Mrs. Epley at Texarkana, Tex. It is alleged that the agent agreed to do this, and that the price of the two messages he was to send was paid. The facts show that the message was never sent and Mrs. Epley received no notification of her brother's death till some time after he had been buried. She brings this suit to recover damages for the mental anguish suffered by her because of not being able to attend her brother's funeral. J. G. and Frank Edwards both testify, in substance, to the facts above stated. The appellant filed a general demurrer, a general denial, and other special defenses not necessary to here discuss. A trial before a jury resulted in a verdict in favor of the plaintiff for $500.

Among the errors assigned in this appeal is the refusal of the court to give a peremptory instruction in favor of the defendant, and that is the only assignment which we deem it necessary to discuss. Both the pleadings and the evidence show that this was an interstate contract and that the misconduct complained of occurred in the state of Arkansas, the place from which the message was to be sent. The question before us is: Do the facts show any right in the appellee to recover the damages sued for?

[1, 2] The decisions of this state have established the rule that, in suits based upon interstate messages, the laws of the state where the message originates must determine whether or not mental anguish alone can be regarded as an element of actual damages. W. U. Tel. Co. v. Bailey, 108 Tex. 430, 196 S. W. 516, and the cases there cited. In 1903 the Legislature of Arkansas enacted the following statute:

"All telegraph companies doing business in this state shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages; and in all actions under this section the jury may award such damages as they conclude resulted from the negligence of the said telegraph company." Kirby's Dig. § 7947.

Prior to the enactment of that law, the courts of Arkansas had refused to adopt what is commonly called the "mental anguish doctrine." See Peay v. W. U. Tel. Co., 64 Ark.

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

538, 43 S. W. 965, 39 L. R. A. 463. After the passage of that law, the courts of Arkansas allowed a recovery for mental anguish in all cases where the misconduct causing the damages occurred in that state, regardless of the laws of the state from which the message came. W. U. Tel. Co. v. Ford, 77 Ark. 531, 92 S. W. 528. That rule continued to be enforced in Arkansas till the publication of the decision of the Supreme Court of the United States in W. U. Tel. Co. v. Brown, 234 U. S. 542, 34 Sup. Ct. 955, 58 L. Ed. 1457. Construing the decision rendered in that case as furnishing the rule for determining the measure of damages in all suits upon interstate messages, the Supreme Court of Arkansas refused to apply its statute in controversies based upon that class of telegrams. W. U. Tel. Co. v. Johnson, 115 Ark. 564, 171 S. W. 859; W. U. Tel. Co. v. Compton, 114 Ark. 193, 169 S. W. 946; W. U. Tel. Co. v. Culpepper, 120 Ark. 319, 179 S. W. 494. It is apparently conceded that if this suit had been brought in Arkansas, under the rule now in force in that state, there could be no recovery for mental anguish; and, since that is the only damage claimed, there would have been a judgment in favor of the telegraph company. In the last case above referred to the Supreme Court of Arkansas used this language:

"We have held that an action for mental anguish will not lie under our statute for negligence in the transmission or delivery of an interstate message."

And a judgment was rendered reversing and dismissing a case in which the plaintiff in the suit had recovered damages for mental anguish. The right to recover in Arkansas for mental suffering in suits of this character is the creature of the statute previously quoted. We now have before us a case in which the contract to carry the message, according to the plaintiff's averments and the proof, was made in Arkansas, and the misconduct which caused the injury occurred in that state. Whether we treat that misconduct as a common-law tort or as the breach of a contract to transmit and deliver the message, liability on the part of the telegraph company, if there is any, must be referred to the Arkansas statute. The question then is: Shall the courts of Texas grant the plaintiff a recovery which the courts of Arkansas would deny?

[3, 4] The statutes of a state have no effect beyond its own limits; and, if the act or omission complained of be not actionable by the law of the state where it was committed, no action can properly be brought on it in another state, although by the laws of the latter the act or omission would have been actionable if committed within its jurisdiction. De Harn v. Mexican Nat. Ry. Co., 86 Tex. 68, 23 S. W. 381. It is only by virtue of the principle of comity that the plaintiff in this

suit can ask the courts of this state to enforce a transitory action which occurred in Arkansas. His right of recovery must be given by the laws of the state where the contract was made or the tort committed. C., R. I. & P. Ry. Co. v. Thompson, 100 Tex. 187, 97 S. W. 459, 7 L. R. A. (N. S.) 191, 123 Am. St. Rep. 798; Willis v. Ry. Co., 61 Tex. 432. It is immaterial whether we treat the misconduct here complained of as a breach of a contract or as a tort; the right to recover damages therefore must be determined by the laws of Arkansas. If the highest court of that state has decided that the Arkansas statute, to which liability must be referred, has no application to interstate messages, that decision should preclude a contrary holding by the courts of this state. Shelton v. Marshall, 16 Tex. 344; Powell v. De Blane, 23 Tex. 76.

It is insisted that the ruling of this court in Tel. Co. v. Brown, 202 S. W. 1049, is in conflict with the conclusion above announced. In that case the message originated in Alabama, but the negligence which formed the basis of the suit occurred in Texas. The Alabama courts, in construing the common law, have recognized mental anguish as a proper element of actual damages in cases of this character; there being no local statute on the subject. But in W. U. Tel. Co. v. Hawkins, decided in 1917 and reported in 198 Ala. 682, 73 South. 973, the Supreme Court of that state held that Congress by the act of 1910 (Act June 18, 1910, c. 309, 36 Stat. 539) had assumed exclusive control over the matter of regulating interstate messages, and refused to any longer apply its local construction of the common law to suits growing out of interstate messages. In the Brown Case, decided by this court, it was held that since the decision of the Supreme Court of Alabama in the case referred to was based, not upon its construction of the common law or any Alabama statute, but upon the construction of a federal statute as to its scope and effect in regulating interstate commerce, the courts of other states were not bound to follow that ruling in applying the measure of damages in such cases. It is true that the result of the decisions in the Arkansas cases previously cited are also controlled by the construction placed by the Arkansas Supreme Court upon the same federal statute, but the effect of that construction in Arkansas is to expressly limit the operation of a statute of that state, whereas in the Alabama case it did not affect the construction which that court put upon any local statute. However, if this case cannot be distinguished in principle from the Brown Case to which we have just referred, we nevertheless think our present conclusion the correct one. In a recent case (Postal Tel. & Cable Co. v. Warren & Godwin Lbr. Co., 251 U. S. 27, 40 Sup. Ct. 69, 64 L. Ed. ——) the Supreme Court of the United States cites with approval the ruling of the Alabama

Supreme Court in the Hawkins Case and a number of other cases of similar import which have held that by the amendment of 1910 Congress has assumed the exclusive right of regulating this character of interstate commerce. Under the rule adopted in W. U. Tel. Co. v. Brown, decided by the Supreme Court of the United States, and which has heretofore been referred to, that court appears to regard negligence in failing to deliver a telegraphic message as a tort to be governed by the law of the place where the offense was committed.

[5] It follows, we think, that if the Supreme Court of the United States may entertain jurisdiction of this controversy because of the character of the contract, the rule adopted by that court for determining the measure of damages is binding upon this court. On the other hand, if the measure of damages is to be governed by the law of the state in which the message originated and where the misconduct occurred, it is equally clear, we think, that the plaintiff in this suit is not authorized to recover.

The judgment will therefore be reversed, and judgment here rendered in favor of the appellant.