

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 31, 1957.

Doctor James A. Turman
Acting Executive Director
Texas Youth Council
Austin, Texas

Opinion No. WW-294

Re: Whether or not the Comptroller may approve warrants covering the cost of transportation for students being released from Texas Youth Council facilities to their own homes, or such other homes as the Council may approve, if such homes are outside the State of Texas.

Dear Dr. Turman:

You have requested our opinion on whether or not the Comptroller may approve warrants covering the cost of transportation for students being released from Texas Youth Council facilities to their own homes, or such other homes as the Council may approve, if such homes are outside the State of Texas.

Senate Bill 303, which turns over the administration of all correctional schools for delinquent children to the Texas Youth Council, provides as follows:

Texas Laws, Regular Session, 1957, Chapter 281, page 660:

"Sec. 27. The Youth Council may release <u>under supervision</u> at any time, and may place delinquent children in its custody in their usual homes or in any situation or family that it has approved. The Youth Council may, subject to appropriation, employ parole officers for investigating, placing, supervising and otherwise directing the activities of a parolee so as to insure his/her adjustment to society in accordance with rules and regulations established by the Texas Youth Council, and work with local organizations, clubs, and agencies in formulating plans and procedures for the prevention of juvenile delinquency. The Youth Council may, at any time, until finally discharged by the Youth

Council, resume the care and custody of any child released <u>under parole supervision</u>. (Emphasis ours)

"Sec. 28. (a) The Youth Council shall insure that each delinquent child it releases under supervision has suitable clothing, transportation to his home, or to the county in which a suitable home or employment has been found for him, and such an amount of money as the rules of the Youth Council authorize."

This general provision in Senate Bill 303 applies only to delinquent children released by the Youth Council <u>under supervision</u>. When interpreted in the light of Section 27 <u>supra</u>, it is our opinion that <u>under supervision</u> means under parole supervision of the Texas Youth Council and subject to their recall at any time prior to final discharge. We cannot believe that the Legislature intended to confer supervisory powers on the Texas Youth Council which extend beyond the borders of the State of Texas, for to do so would be to give extra-territorial effect to the laws of Texas. 9 Tex. Jur. 355, Conflict of Laws, Sec. 3; <u>Phillips v. Perue</u>, 111 Tex. 112 (1921); <u>Willis v. Missouri Pacific Railway Co.</u>, 61 Tex. 432 (1884); <u>Western Union Telegraph Co. v. Epley</u>, 218 S.W. 528 (1920).

Article 5143b, Vernon's Civil Statutes, reads as follows:

"Section 1. Upon the discharge or parole of any person committed to the Gatesville State School for Boys or the Gainesville State School for Girls, the Superintendent of the Institution from which such person is discharged or paroled shall provide them with a complete suit of suitable clothing, and Five Dollars ($5) in money, and procure transportation for them to their homes, if resident of this State, or to the county in which they may have been convicted or to such other place in the State at which said discharged or paroled person may have procured employment or to a place where a suitable home has been found for such person.

"Sec. 2. The furnishing of clothing and transportation and the payment of money may be made from appropriations for support and maintenance made to the Institution from which such person was discharged or paroled, or from local funds, or from any appropriation specifically made for such

purposes by the Legislature of the State of Texas."

The statutes clearly indicate that a person discharged or paroled from the Gatesville or Gainesville Schools, whether under State supervision or not, is entitled to transportation to the county in which he was convicted, his home, or any county in which a suitable job has been found for him, but not to any point outside the State of Texas.

These are the only statutes found in the general law of Texas providing for transportation for students released from Texas correctional schools, and these statutes as related above do not constitute authority for out-of-state transportation.

Your letter also made reference to House Bill 133, which provides as follows:

Texas Laws, Regular Session, 1957, Chapter 385, Section 7b, page 870:

"b. The cost of deporting any non-resident or alien may be paid by any of the institutions named in this Article from appropriated funds available to such institutions. It is further provided that expenditures from appropriation items designated 'General Operating Expenses' and 'other operating expense' in this Article, for the purposes of deporting non-residents or aliens or of returning Texas patients or students from other states, shall be governed by the following additional rules and procedures: . . . "

This is an appropriation bill and cannot grant additional authority to the Youth Council beyond that already provided for in the general law, since to do so would require general legislation, which cannot be included in a general appropriation bill. Tex. Const., Art. III, Sec. 35; Moore v. Sheppard, 192 S.W.2d 559. See also Attorney General's Opinions V-1254 (1951) and 2965 (1935).

Further, the Legislature cannot make an appropriation for any purpose for which authority cannot be found in "pre-existing law". Tex. Const., Art. III, Sec. 44; Nichols v. State, 32 S.W. 452, writ ref. (1895); Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660 (1935); State v. Haldeman, 163 S.W. 1020, writ ref. (1913).

It therefore follows that the Comptroller has no

Doctor James A. Turman, Page 4 (WW-294)


authority to approve warrants covering the cost of transportation for students being released from Texas Youth Council facilities to any place outside the State of Texas.

### SUMMARY

The Comptroller may not approve warrants covering the cost of transportation for students being released from Texas Youth Council facilities to their own homes or such other homes as the Council may approve if such homes are outside the State of Texas.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Galloway Calhoun, Jr.
Galloway Calhoun, Jr.
Assistant

GC:pf:jl

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

J. C. Davis, Jr.

W. V. Geppert

C. K. Richards

Geo. P. Blackburn

REVIEWED FOR THE ATTORNEY GENERAL
BY:

James N. Ludlum