## MEIER v. SCHOENFELD.

### No. 1228.

Court of Civil Appeals of Texas. Eastland.
Feb. 2, 1934.

Rehearing Denied March 2, 1934.

Robert H. Rice, of San Antonio, for appellant.

Ingrum & Morris, of San Antonio, for appellee.

FUNDERBURK, Justice.

This suit, in so far as the part of its several phases is involved upon this appeal, is an action by Chas. M. Schoenfeld, as assignee of Schoenfeld Quarries, a corporation, to recover upon an open account against Henry Meier for the price or value of building stone sold and delivered by said Schoenfeld Quarries to the said Henry Meier. The total amount of the account was $1,028.24, and plaintiff's petition acknowledged credits thereon amounting to $598.33, leaving a balance of $429.91, for which said balance judgment was rendered, and appeal by the defendant duly prosecuted.

But two questions are presented for our determination. One is whether or not the plaintiff's petition was subject to a general demurrer. The other is whether, if the pleading was not subject to general demurrer, was such pleading sufficient support for the judgment rendered, which was based upon the finding of an express contract?

With reference to the sufficiency of the pleading, the plaintiff alleged that on or about the 12th day of November, 1930, and on divers days thereafter, said Schoenfeld Quarries did at the special instance and request of said Henry Meier sell and deliver to the latter certain goods, wares, and merchandise "consisting of limestone, as shown by the attached, itemized, verified, sworn account, marked Exhibit 'A' for identification, and for all purposes made a part hereof as if fully set out herein * * * amounting in total to One Thousand Twenty-Eight & 24/100 Dollars ($1,028.24), upon which said defendant Henry Meier has paid by check an amount of Five Hundred Eighty-Seven & 53/100 Dollars ($587.53), and is further entitled to a credit allowance of Ten & 80/100 Dollars ($10.-80), making a total amount due plaintiff of Four Hundred Twenty-Nine & 91/100 Dollars ($429.91), as shown by said attached sworn account, marked Exhibit 'A.'" Ownership of the account by plaintiff was alleged, and it was further averred as to the goods, wares, and merchandise so described that they "were sold and delivered to and accepted by the defendant Henry Meier * * * for his use and benefit; and by said acceptance defendant herein converted to and obtained the use and benefit of the merchandise shown on the attached Exhibit 'A' and thereby became bound and obligated to pay to plaintiff the amount of said goods, wares and merchandise as shown by said sworn account." It is obvious that the pleading averred no fact to show whether the contract sought to be enforced was express, or implied. The allegations were sufficient, however, to show that it was one or the other, the amount for which the defendant was sought to be held liable being $429.91, with interest, and for which the court gave judgment.

The precise question presented with reference to the sufficiency of the pleading as against the general demurrer seems to us to be whether or not in a suit upon a contract, a petition in all things sufficient, except it does not show whether the contract is an express or an implied contract, is for that reason alone subject to general demurrer. We are of the opinion that such a petition would not be subject to general demurrer. It would be governed by the same principle as a suit upon a contract which may or may not be in writing, without allegation to show that it was or was not in writing. 10 Tex. Jur. 493, § 286. The defendant would have the right to have the pleading disclose the omitted fact to enable him properly to prepare his defense, but the procedure for enforcing such right would be by special, rather than general, exception.

The principle which prohibits a plaintiff from alleging an express contract and recovering upon an implied contract, or alleging an implied contract and recovering upon an express contract, has no application to the question. The reason why a judgment based upon the finding of an implied contract cannot be supported by pleadings alleging only an express contract, or a judgment based upon the finding of an express contract under pleadings alleging only an implied contract, is that the plaintiff must recover, if at all, upon the identical contract alleged. See authorities cited in McAlister v. Bivings (Tex. Civ. App.) 29 S.W.(2d) 853. A contract, all of the provisions of which are express, could not be identical with a contract, one or more of the provisions of which are not expressed, but exist, if at all, by implication. We think the court below did not err in overruling the general demurrer.

What we have said, in principle, disposes of the second contention. It is predicated upon the theory that if the pleading was sufficient it was only so as alleging an implied contract. Defendant having, by his failure to insist upon a special exception, waived the right to be informed by the pleading whether plaintiff intended to prove an express contract or an implied contract, was not even in position to object to evidence of either. The court found an express contract which, if we are correct in our disposition of the first assignment of error, was within the terms of the pleading.

We accordingly conclude that the judgment of the court below should be affirmed, and it it so ordered.